HARRY J. ANDERSON, *et al.*

*v.*

THE CITY OF WHEELING, WEST VIRGINIA, *etc., et al.*

(No. 12510)

Submitted April 26, 1966.          Decided July 12, 1966.

*Bachmann, Hess, Bachmann & Garden, Gilbert S. Bachmann,* for plaintiffs in error.

*George G. Bailey, George B. Vieweg, III,* for defendants in error.

BERRY, JUDGE:

The petitioners, Harry J. Anderson, et al., instituted this proceeding in mandamus in the Circuit Court of Ohio County, West Virginia, in September, 1964 to compel the defendants, The City of Wheeling, a municipal corporation, et al., to change the zoning classification of the petitioner's property from residential to commercial. The defendants demurred to the petition. The Circuit Court sustained the demurrer and dismissed the petition by a final order entered June 2, 1965. Upon petition to this Court a writ of

error to the judgment of the Circuit Court stated above was granted September 27, 1965. The case was submitted to this Court on arguments and briefs at the April Special 1966 Term.

The defendants having demurred to the petition filed in this proceeding have admitted all facts well pleaded, and the petitioners having indicated that they did not desire to amend the petition it was dismissed by the court below. The question presented to this Court on the writ of error is whether the facts set out in the petition are legally sufficient to grant the relief prayed for. The question is raised by the defendants' demurrer.

It is the contention of the petitioners that the trial court erred in sustaining the demurrer to the petition and deciding the case on the merits instead of on the legal sufficiency of the petition raised by the demurrer. The position taken by the petitioners is quite confusing. On the one hand they state that they have been unable to have their day in court although they refused to amend their petition after the defendants' demurrer to the petition was sustained and stated that they have pleaded their entire case. They admit that when the trial court sustained the demurrer it assumed as true the facts well pleaded and that the introduction of any evidence would serve no purpose but to confirm the facts contained in the petition which the trial court accepted as true in the disposition of the case below. Therefore, notwithstanding petitioners' statement to the contrary, they have had their day in court and have elected to stand on the facts or allegations pleaded in their petition for a final disposition of this case.

The facts pleaded in the petition are as follows: That the petitioners own or have an interest in four parcels of real estate situated on Park Road in the City of Wheeling, Ohio County, West Virginia; that the four parcels adjoin each other and extend along 338 feet on the north side of Park Road. Parcel 1 is located at the corner of Park Road and Orchard Road and is owned by the petitioner Kathryn E. Anderson. It was acquired in 1946 and the purchase price

was $15,000. Parcel 2 adjoins Parcel 1 to the west and is owned by the petitioner Harry J. Anderson. It was acquired by deed in 1961 and the purchase price was $15,500. Parcel 3 lies to the west of Parcel 2 and is separated by a 16 foot alley. Parcel 3 is owned by the petitioners Robert J. Armbrecht and Martha K. Armbrecht, his wife. Parcel No. 4 adjoins Parcel 3 to the west and is on the corner of Park Road and Corliss Terrace Road. It is owned by Louis J. Costanzo and Marjorie W. Costanzo, his wife, and was acquired in 1960 for a purchase price of $25,000.

Petitioner Thomas A. Baron holds an option to purchase Parcels 3 and 4 for $101,000 and desires to erect on these premises a substantial building for the display, sales and servicing of General Motors automobiles for an approximate cost of $400,000.

In January of 1964 Marie Ebeling who owned a tract of land adjoining Parcels 1 and 2 on the north commenced proceedings to have her land rezoned from Residential B to Residential A in order to permit the construction of an apartment house on her property. The land bordering her tract on all sides was zoned as Residential B, and in order to avoid spot zoning the city council rezoned from Residential B to Residential A not only the Ebeling tract but also the four parcels owned by the petitioners. The petitioners protested this action in writing and demanded that their property be rezoned Commercial A which was refused and an ordinance was adopted rezoning petitioners' property as well as the Ebeling tract from Residential B to Residential A.

On August 11, 1964, prior to the adoption of the aforementioned ordinance, the petitioners made formal application to the Planning Commission of Wheeling for the rezoning of their parcels from Residential B to Commercial A in accordance with Article XII of the Zoning Ordinance of the City of Wheeling, which is set out verbatim in the petition and provides that the Planning Commission or the City Council shall hold public hearing on application for rezoning of property. It is alleged that neither the Plan-

ning Commission nor the City Council conducted public hearings as required by the Zoning Ordinance, but at the hearing before the trial court the failure to hold these public hearings was specifically waived with the request that the case be disposed of without consideration thereof.

On September 10, 1964, after the petitioners' application to the City Council was rejected, petitioners applied to the building official of the City of Wheeling for a permit for the construction of a building for commercial use on Parcels 3 and 4, and the application was denied for the reason that the commercial use of the property was prohibited by the Zoning Ordinance, and therefore the petitioners allege they have exhausted their administrative remedies.

. Unless rezoning is ordered of the petitioners' property for commercial use the petitioner Baron will be unable to construct the proposed building and petitioners the Costanzos and the Armbrechts, owners of the two Parcels, will lose the benefit of their sales options and will suffer great monetary loss. Also, the proposed business will employ 50 to 75 persons and provide a lucrative new tax source for the community. The petitioners Harry Anderson and his wife joined in the petition to have Parcels 1 and 2 owned by them rezoned for commercial use because the value of their property for residential use had been impaired by the present zoning to Residential A and will be further impaired in the event only Parcels 3 and 4 are zoned for commercial purposes. Petitioners' property is located on Park Road in the suburban area of the City of Wheeling to the north of U. S. Route 40. Route 40 is zoned commercial on both sides of the highway for a considerable distance both east and west of petitioners' property. Twenty or more commercial establishments are located within a radius of five hundred feet from the petitioners' property, including gas stations, garages, motels, restaurants, automobile sales agency, stores and various other business establishments.

The property immediately west of the petitioners' land and across Corliss Terrace Road is zoned commercial. A Howard Johnson Motel and restaurant is located opposite

the intersection of Park Road and Route 40. This property was formerly zoned Residential B. In 1955 the property owners obtained a writ of mandamus in the Circuit Court of Ohio County to require the City to issue a building permit for the erection of an automobile sales agency, repair shop and garage. In compliance with the court action, the City Council rezoned the property commercial in 1958 and at the same time voluntarily rezoned two lots at the northwest corner of Park Road and Corliss Terrace Road which are across Corliss Terrace Road from Parcel 4 of petitioners, but instead of the garage being built as indicated in the court proceeding a Howard Johnson Motel and Restaurant was constructed. In 1960 upon application of the property owner the City Council rezoned as commercial all of the property fronting on National Road and lying to the west of the Howard Johnson Motel and Restaurant to a point on the north side of Route 40 where the terrain prevents further development. As one approaches petitioners' property from the west along Route 40, Park Road begins at a point opposite the Howard Johnson Motel and Restaurant at a cloverleaf and runs at approximately a 45 degree angle from Route 40. Petitioners' property faces to the south the rear of several commercial establishments which front on the north side of Route 40. Southwest of petitioners' property across Park Road and Route 40 are an automobile sales agency, car wash plant, an auto muffler shop, and a repair garage.

Across Orchard Road to the east of the petitioners' property is a large tract of land occupied by the Wheeling Country Day School and many private residences, all of which are zoned Residential B. Corliss Terrace Road on the western boundary of petitioners' property proceeds northerly at a right angle from Park Road to a Residential B area known as Corliss Terrace which is on a hillside well above the elevation of petitioners' property. There is a single row of residences on Corliss Terrace overlooking petitioners' property. Because of the steep hillside to the rear of these houses, no further development is possible. To the rear (north) of Parcels 1 and 2 is the land owned by Marie Ebeling previously referred to. In obtaining the rezoning

of her property as well as that of the petitioners from Residential B to Residential A she certified that she intended to remove the residence located on her property and construct an apartment house which is permitted to be done under a Residential A zoning classification.

To the north (upper side) of the Ebeling property is a children's home for the City of Wheeling. Each of the four parcels of land owned by the petitioners contains a residence which was built more than 50 years ago. The residence on Parcel 2 has been converted into a two-family dwelling and is occupied by ten persons. The residence on Parcel 3 was abandoned several years ago, is unoccupied, and is deteriorating. Because of their location immediately adjacent to commercial areas the parcels no longer have substantial value for residential purposes and their only practical use is for commercial development. The topography of the area is such that the four parcels constitute a natural extension of the commercial zone. Commercial extension beyond the four parcels is not only impractical from an economic point of view but is effectively blocked to the east by the Wheeling Country Day School across Orchard Road, and to the north by the proposed apartment house on the Ebeling tract and by the children's home. No other residential property in the area is susceptible to commercial use.

The foregoing statement sets out all material allegations contained in the petition, and the demurrer filed by the defendants admits the facts set out that are well pleaded but says that they are not sufficient in law for the reasons contained in the demurrer, all of which are to the effect that the zoning ordinance under which the City acted, referred to in the petition, is valid, and the action of the City under the facts alleged was proper and legal, that there is not shown to be a change in conditions which would justify rezoning, and that the true character of the area to the north and east is shown on the face of the petition to be a quiet residential neighborhood, into which it would be improper to allow commercial encroachment which would cause pecuniary gain to override the public welfare.

The background on which the petition relies as a legal right to a zoning change may be summarized as follows: The original zoning ordinance was passed September 8, 1931, and the area lying partly on Route 40 and partly on Park Road was zoned Residential B. Parcels of land were rezoned commercial along Route 40 on the northern side but all of the property on Park Road remains classified as Residential. Between the years 1955 and 1958, as a result of court action as to one parcel followed by council action as to two adjacent parcels, three parcels of land on the north side of Route 40 were rezoned as Commercial to Corliss Terrace Road which intersects Park Road. In 1960 additional land to the west was rezoned commercial making a considerable distance on the north side of Route 40 zoned commercial.

It is the contention of the petitioners that their property, namely, Parcels 1, 2, 3 and 4, should be rezoned commercial because geopraphically it would be an extension of the adjacent commercially-zone property, and that instead of having a boundary between the commercially-zone property and the residentially-zone property on Corliss Terrace Road, the boundary should be extended northeast to Orchard Road which would be a natural boundary and should go no farther, although all of the property to the east, north, and northwest would still be zoned Residential B property and the property of Marie Ebeling immediately north of Parcels 1 and 2 would be spot-zoned as Residential A.

If Parcels 1, 2, 3 and 4 were rezoned commercial they would project a salient into the residentially-zoned property and only about one-fourth of the perimeter of petitioners' property would adjoin commercially-zoned property and three-fourths would be bounded by Park Road and residentially-zoned property.

It is the contention of the petitioners that the zoning ordinance is invalid because it does not promote the health, safety, morals or general welfare of the community and that it fails to set up standards, thus making it possible for arbitrary action to be taken on the part of the City in zoning

and rezoning within the City, and therefore violates the due process of law clause of the Fourteenth Amendment to the Constitution of the United States. It is also contended by the petitioners that the court stated that it had personal knowledge of the location of the property involved and therefore the decision was based on personal knowledge of the trial court instead of the pleadings.

It is the contention of the defendants that the facts alleged in the petition do not show any legal ground for the changing of the ordinance or rezoning the property from Residential to Commercial; that the facts alleged show that the action of the Council was "fairly debatable"; that there was no abuse of discretion and that there was no legal right shown to the relief prayed for; that the facts alleged show that if the zoning was changed it would result in a commercial island in a residential section; that the request in this proceeding would be asking the court to substitute its judgment for the Council acting in a legislative manner; and that the general welfare of the community in the City of Wheeling would be best served by maintaining the zoning of the property in the manner in which it is zoned.

The leading case dealing with the questions involved in the case at bar is *Carter* v. *City of Bluefield*, 132 W. Va. 881, 54 S. E. 2d 747. In that case the pleading situation is the same as that in the instant case. A petition for a writ of mandamus was filed in the Circuit Court of Mercer County alleging facts with regard to the location of property used for commercial and residential purposes. A demurrer was filed by the defendant City of Bluefield and sustained by the Circuit Court, taking the facts alleged in the petition as true but not sufficient in law; and the case was appealed to this Court and reversed on the law applicable to such cases. The *Carter* case illustrates that there is no substance to the contention of the petitioners that such a case is decided on the merits and not on the legal sufficiency of the petition. The petition in each case was properly drawn from a legal standpoint but the facts alleged in the petition which were admitted were held not to be sufficient to warrant the relief prayed for. In other words, such case re-

sults in a question of law to be decided based on the facts alleged in the petition and such facts applied to a particular case may either justify the granting of relief or the refusing of relief by the sustaining or overruling of the demurrer.

The only question in this case for decision of this Court is whether the trial court erred in sustaining the demurrer to the petition and dismissing it after the petitioners did not elect to amend for the reason that they had stated all facts pertinent to the case in the petition. The *Carter* case held that mandamus was the proper remedy in such case because of the constitutional questions involved and laid down the "fairly debatable" rule governing such cases. This rule merely means that if the decision of the zoning authorities is *fairly debatable* the courts will not interfere with such decision. It also holds that zoning ordinances such as the one involved here are valid in whole but may be invalid as to a particular piece of property and that when the validity of restrictions imposed by a city zoning ordinance is challenged each case should be determined on its own particular facts. From the facts alleged in the petition in the *Carter* case it appeared that the Section 207 of Hale Land Addition on which petitioners' residentially-zoned lots were located was an area six-tenths of a mile long zoned in spots for either business or residential use, contiguous territory for many blocks was likewise spot-zoned but of predominantly business and industrial nature, the residential use of the Section 207 and contiguous area had practically ceased except for a few old houses, and the petitioners' land was practically valueless for residential use but valuable for industrial use. The City was accordingly forced to grant the prayer of the petition for the use of the property involved for business purposes since denial of such use was arbitrary and unreasonable. In the case at bar there is no spot-zoning in connection with the particular property involved. The four parcels of land are located together in a residentially-zoned area and there are no businesses spot-zoned in that area. However, if the petitioners' property were allowed to be used for business purposes at this time it would tend toward spot-

zoning because it is surrounded by residential property on the north, east and west.

In the case of *G-M Realty, Inc.* v. *City of Wheeling,* 146 W. Va. 360, 120 S. E. 2d 249, decided by this Court in 1961, the same zoning ordinance with which we are dealing in the instant case was involved. The City of Wheeling had refused to allow a gasoline service station to be built in a commercially-zoned area among other business where the city zoning ordinance prohibited such stations because of hazards involved. It was held in that case that the zoning ordinance was not invalid as to the particular property owner where such property owner was not treated differently from other property owners and the ordinance in question bore a substantial relation to the health, safety, morals and general welfare of the people, and that courts are not disposed to declare an ordinance invalid in whole or in part where it is fairly debatable as to whether the action of the zoning commission or city council is arbitrary or unreasonable. The third point of the syllabus in the *G-M Realty, Inc.* v. *City of Wheeling* case reads as follows "The enactment of a zoning ordinance of a municipality being a legislative function, all reasonable presumptions should be indulged in favor of its validity."

The petitioners rely on the case of *State ex rel. Ammerman* v. *City of Philippi,* 136 W. Va. 120, 65 S. E. 2d 713, for the proposition that Article XII of the Zoning Ordinance of the City of Wheeling is invalid for the failure of the ordinance to provide rules and standards governing its application. The *Ammerman* case is not applicable to the case at bar because the ordinance in that case involved a building ordinance which contained no standard as to the type of building material to be used, size, or any other factor and left it wholly within the province of the city officials to arbitrarily determine whether a building permit should be given or granted to any individual applicant. It was rightly held that such an ordinance which fails to specify rules and regulations regarding construction of buildings and their location within the corporate limits of a city and which gives the common council the right to grant or withhold

permission to erect buildings was void. The zoning ordinance involved in the case at bar sets up standards in the ordinance itself by classifying the areas in which businesses can be located as Commercial A and Commercial B and in which residences shall be located as Residential A and Residential B. Under the building ordinance involved in the *Ammerman* case the city authorities were exercising administrative authority but under a zoning ordinance or an amendment thereto the zoning authorities or the city council exercises legislative authority, which are two entirely different things.

In determining whether or not the action by city authorities is arbitrary with relation to zoning ordinances and whether the zoning ordinance is invalid in whole or in part, all of the factors relating to the ordinances and the application thereof must be considered in connection with the health, safety, morals and general welfare of the community. The factors presented in the case presented here for disposition thereof are as follows: What is the use of the property surrounding the petitioners' property; what is the predominate use of nearby property; would the proposed use tend to produce results that are not already present in the property located in the nearby area; what is the property best suited for; do the petitioners seek to be allowed to use their property in the manner other property owners in the vicinity are using their property or are they endeavoring to change uses and cause confusion in existing zoning areas. It will be noted that these factors set out above can be answered only with positive and negative answers from the facts presented in the instant case as contained in the petition which are admitted to be true. In considering these factors, reasons appear both why it would be advantageous for the petitioners' property to remain zoned Residential and why it would be advantageous for it to be zoned Commercial. The factors that are positive in favor of the zoning of the petitioners' property as commercial are the trend over the years as to whether residences or businesses are being built in the area involved and the pecuniary aspect relative to the property if it could be rezoned commercial.

If these factors alone were involved it is clear that it should be rezoned as a commercial area. However, the negative factors such as the lack of proximity of the property involved to the main highway, U. S. Route 40, known as the National Road, the type of the general area, the affecting of the undisputed residentially-owned property by the noise, dirt, and commotion of usual business transactions all outweigh the positive factors. Inasmuch as most of the factors necessary to decision of this case have both positive and negative aspects it would appear that these matters are fairly debatable, and in such cases the court will not overrule the city authorities in the exercise of their legislative function. *Carter* v. *City of Bluefield, supra; G-M Realty, Inc.* v. *City of Wheeling, supra.*

It is contended that the decision of the trial judge in this case was based on his own personal knowledge because of a statement in his opinion that he had personal knowledge of the location of the property involved. The petitioners cite the case of *Boggs* v. *Settle, Jr.,* 150 W. Va. 330, 145 S. E. 2d 446, decided by this Court November 23, 1965, as authority for this contention. The *Boggs* case held that a trial judge cannot base a finding upon facts which are merely matters of his personal knowledge as distinguished from proof of such facts. In the case at bar the trial judge's being familiar with the property located in the City of Wheeling does not mean that this case was decided from his personal knowledge. It is clear from his opinion that it was based on the facts contained in the petition which were admitted to be true by the defendant's demurrer thereto, and even though he personally knew of the location of the property it would not render the judgment invalid when it was rendered on the pleading which substituted for proof in a case of this kind.

During the argument before the trial court on the demurrer to the petition a map was introduced in evidence by the petitioners and made a part of the record for the purpose of showing the location of the properties of petitioners in conjunction with the surrounding area, but the accuracy of the designated zoning in connection therewith was ques-

tioned. This map was not a part of the pleading and only the pleading can be considered on demurrer. Then, too, on demurrer the facts, if well pleaded, are taken as true and cannot be questioned.

For the reasons enunciated herein the judgment of the Circuit Court of Ohio County is affirmed.

*Affirmed.*