575 S.E.2d 263

**Phillip A. WARD, Plaintiff Below, Appellant,**

v.

**Michael H. CLIVER, In His Official and Individual Capacity, Defendant Below, Appellee.**

No. 30493.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 9, 2002.

Decided Dec. 2, 2002.

---

Phillip A. Ward, *pro se.*

Darrell V. McGraw, Jr., Attorney General, Heather A. Connolly, Assistant Attorney General, Charleston, for appellee.

STARCHER, Justice.

This is a case in which the Circuit Court of Kanawha County, on June 28th, 2001, dismissed a lawsuit filed by the appellant, Phillip A. Ward, against the appellee, Michael H. Cliver, prior to the issuance of process. Mr. Ward is an inmate at a state correctional facility; Mr. Cliver was at pertinent times a correctional officer at the same facility. Mr. Ward appeals and asks this Court to reverse the circuit court's order of dismissal.

The circuit court issued its order of dismissal pursuant to the provisions of *W.Va. Code*, 25–1A–4 [2000], which provides as follows with respect to certain civil actions filed by persons confined in correctional facilities:

(a) The court shall, prior to issuance of process, review the complaint, petition or other initial pleading to determine whether a civil action is frivolous or malicious as defined in subsection (b) of this section and fails to state a claim for which relief can be granted or seeks monetary relief from a party who is immune from such relief. If the complaint, petition or other initial pleading is frivolous or malicious, fails to state a claim for which relief can be granted or seeks monetary relief from a party who is immune from such relief, the court shall not issue process and shall dismiss the case.

(b) A civil action is frivolous or malicious if it: (1) Has no arguable basis in fact or law; or (2) Is substantially similar to a previous civil action in which the inmate did not substantially prevail, either in that it is brought against the same parties or in that the civil action arises from the same operative facts of a previous civil action; or (3) Has been brought with the intent to harass an opposing party.[1]

The circuit court's order that is at issue in the instant case states in its entirety as follows:

On the 28th day of June, 2001, the Court, pursuant to W.Va.Code § 25–1A–4, prior to the issuance of process, reviewed the complaint filed in the above styled action and hereby makes the following findings with respect to said complaint:

{1} This is "a civil action" filed by a current "inmate", and;

{2} This civil action is frivolous and/or malicious and fails to state a claim for which relief can be granted and seeks monetary relief from a party who may be immune from such relief as set forth in W.Va.Code § 25–1A–4.

Accordingly, this Court is of the opinion to and does hereby **ORDER** that process not be issued with respect to said complaint and further that said complaint be and the same is **DISMISSED** and **STRICKEN** from the docket of this Court.

The Court does **FURTHER ORDER** that a certified copy of this Order be sent to all parties or counsel of record. The Court notes the objection and exception of the party of parties aggrieved by this Order.

We have carefully reviewed the pleadings and exhibits that have been submitted by Mr. Ward, and additional documents from the Court of Claims obtained by the Clerk of this Court.[2] These documents show that in August of 1998 Mr. Ward filed a claim in the West Virginia Court of Claims against the West Virginia Division of Corrections ("DOC"). That claim contended that the DOC had not returned a pair of shoes and legal papers to Mr. Ward, that Mr. Ward claimed had been taken from him when he was transferred temporarily to a "lock-up" unit in January of 1998. In December of 1999, the Court of Claims ruled for Mr. Ward, and the DOC was ordered to pay to Mr. Ward the cost of the shoes—$32.75— which the DOC did. (The legal papers were, the record shows, replaceable without cost.)

Mr. Ward thereafter filed a civil suit against Mr. Cliver, who had testified in the Court of Claims proceeding that no shoes had been taken from Mr. Ward by the DOC.

---

1. *W.Va.Code*, 25–1A–1 to –8, the article that contains this section, is entitled the "West Virginia Prisoner Litigation Reform Act," and was enacted in 2000.

2. Mr. Ward's pleadings, correspondence, arguments, and exhibits in the circuit court and Court of Claims cases are well-prepared and logically presented—as was his testimony and cross-examination of witnesses in the Court of Claims.

Mr. Ward contends in his circuit court suit that Mr. Cliver's testimony before the Court of Claims was perjury. This is the lawsuit that the circuit court dismissed pursuant to *W.Va.Code,* 25–1A–4 [2000] prior to the issuance of process, leading to the instant appeal.

## I.

### *Standard of Review*

■ The circuit court's ruling was entirely one of law that we therefore review *de novo.*

## II.

### *Discussion*

■ Because Mr. Ward has already obtained damages in the Court of Claims, we conclude that the circuit court did not err in dismissing Mr. Ward's suit without issuing process. However, we take this occasion to briefly address several issues regarding the implementation of *W.Va.Code,* 25–1A–4 [2000] by circuit courts—this being a statute that this Court has not discussed before the instant case.

■ Obviously, persons who are imprisoned do not lose their constitutional right to use the courts to seek to obtain justice. *Cf. State ex rel. Anstey v. Davis,* 203 W.Va. 538, 509 S.E.2d 579 (1998); *W.Va. Constitution,* Article 3, Sec. 17 ("The courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay."). In fact, history teaches that access to the courts by inmates is a healthy and necessary (but sometimes burdensome) check on the incarceration system.

■ Additionally, we note that courts in this nation have not ordinarily (if at all) "screened" the merits of lawsuits prior to the

issuance of process and the issues being formally joined. Placing such a novel, *sua sponte* "screening" role on courts in any but the most exceptional circumstances runs a real risk of eroding and altering a fundamental characteristic of the American court system in our constitutional scheme. Therefore, a statute like the Prisoner Litigation Reform Act, that places a court in the role of judging the merits of suits when the case is in a non-adversarial posture, must be given the narrowest possible construction and application.[3]

■ We hold, therefore, that while obviously frivolous lawsuits filed by inmates may be dismissed prior to the issuance of process pursuant to *W.Va.Code,* 25–1A–4 [2000], when there is any reasonable possibility that a lawsuit filed by an inmate, liberally construed, raises a potentially cognizable or colorable claim, the procedures of *W.Va.Code,* 25–1A–4 [2000] should not be employed by circuit courts. Additionally, we hold that orders dismissing claims pursuant to *W.Va. Code,* 25–1A–4 [2000] must state the court's reasoning and must set forth the specific factual and legal basis for the court's decision.[4]

■ The order of the circuit court in the instant case does not meet this latter standard—there is simply a boilerplate reference to the statutory language. However, we conclude that no purpose would be served by a remand under the facts of the instant case.

## III.

### *Conclusion*

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

---

3. *W.Va.Code,* 25–1A–4 [2000] also states that a circuit court may dismiss a suit filed by an inmate prior to the issuance of process if the court finds that the suit is "malicious." "Malicious" is defined as being "brought with the *intent to harass* the opposing party." *Id.* (emphasis added.) While we do not decide the issue, we think it may be seriously questioned whether an inmate's intent or motive alone in filing a lawsuit that otherwise states a colorable claim may constitutionally provide a legally sufficient basis for

dismissing a case prior to the issuance of process.

4. This Court's leading opinion in *Fayette County Nat. Bank v. Lilly,* 199 W.Va. 349, 484 S.E.2d 232 (1997), setting forth standards for orders granting summary judgment, discusses why findings of fact and conclusions of law are necessary to permit meaningful appellate review.