# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William A. LaRue,**
**Petitioner Below, Petitioner**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0453** (Fayette County 12-C-97)

**David Ballard, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner William A. LaRue, *pro se*, appeals the order of the Circuit Court of Fayette County, entered March 22, 2012, dismissing an action relating to the terms and conditions of his confinement. The respondent warden, by Charles Houdyschell Jr., his attorney, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is currently an inmate at Mt. Olive Correctional Complex serving sentences for offenses committed in Monongalia County. On May 3, 2011, petitioner filed a petition for a writ of habeas corpus which was designated Civil Action No. 11-C-289. This petition addressed petitioner's parole consideration. The petition was not properly served on the respondent warden. However, on April 2, 2012, the Circuit Court of Monongalia County dismissed the petition without prejudice because of a lack of a record or transcript from the parole hearing. The merits of this initial petition are not part of the instant appeal.

On March 26, 2012, petitioner filed a second petition for a writ of habeas corpus in Civil Action No. 11-C-289. In this petition, petitioner alleged that he was sexually assaulted by another inmate, that he was physically assaulted by another inmate with correctional officers allowing it, that his property was broken or destroyed, that he was being assaulted by correctional officers, and that he was not receiving due process regarding his segregation status. This petition was apparently not properly served on the respondent warden in accordance with the West Virginia Rules of Civil Procedure.

1

Prior to the filing of the second petition, petitioner filed a motion for a stay of judgment on two counts of forgery and two counts of uttering which was designated Civil Action No. 12-C-184. The motion appears to substantially relate to what would become the second petition in 11-C-289 in that the motion contains allegations of physical and sexual assault/abuse and property damage by other inmates and correctional staff. However, unlike the situation in 11-C-289, a summons was issued and the respondent warden was served in 12-C-184. It appears that no pre-screening occurred before process was issued.[1]

Finding that petitioner's motion related to the terms and conditions of his confinement, the Circuit Court of Monongalia County transferred Civil Action No. 12-C-184 to Fayette County.[2] In Fayette County,[3] Civil Action No. 12-C-184 became Civil Action No. 12-C-97-H which the circuit court subsequently dismissed. The Circuit Court of Fayette County determined that the allegations would be best addressed criminally rather than civilly.

However, after being issued process in Civil Action 12-C-184, the respondent warden filed a consolidated response and motion to dismiss in that case in the Circuit Court of Monongalia County. That same day, the Circuit Court of Monongalia County reviewed the second petition in 11-C-289, which had not been properly served on the respondent warden. The Circuit Court of Monongalia County determined that the petition should be placed under Civil Action No. 12-C-184 and transferred to Fayette County as well. This April 2, 2012, order of the Circuit Court of Monongalia County made no mention of its prior order transferring Civil Action No. 12-C-184 to Fayette County. By the time this petition along with the respondent warden's consolidated response and motion to dismiss arrived in Fayette County, the Circuit Court of Fayette County had already entered its order dismissing the action on March 22, 2012. Petitioner appeals the March 22, 2012, order.[4]

## STANDARD OF REVIEW

"Habeas corpus lies to secure relief from conditions of imprisonment which constitute cruel and unusual punishment in violation of the provisions of Article III, Section 5, of the Constitution of West Virginia and of the Eighth Amendment to the Constitution of the United States." Syl. Pt. 1, *State ex rel. Pingley v. Coiner*, 155 W.Va. 591, 186 S.E.2d 220 (1972). Accordingly, we review the circuit court's dismissal order under the following standard:

---

[1] *See* West Virginia Prisoner Litigation Reform Act, W.Va. Code §§ 25-1A-1 *et seq.* ("WVPLRA").

[2] The order transferring Civil Action No. 12-C-184 did not require that a copy of it be provided to the respondent warden even though he had been served with process in that case.

[3] Fayette County is the location of Mt. Olive Correctional Complex.

[4] The respondent warden filed his summary response on June 19, 2012. At the same time, the respondent warden filed a motion to file a supplemental appendix which was granted on June 26, 2012.

2

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

## DISCUSSION

Petitioner's argument is simple. Petitioner asserts that he should be released unconditionally from incarceration because a "reign of violence and terror" exists at Mt. Olive from which correctional officials have failed to protect him.

The respondent warden's argument is more complicated. First, with respect to the motion he was served, the respondent warden argues that while the Fayette County Circuit Court's dismissal order may not meet the applicable standard for such orders,[5] the motion should have been dismissed. With respect to the second habeas petition with which he was not served, the respondent states that he does waive his right to be so served and that the petition should be remanded at least in part "to clarify that the circuit court should undertake the statutory [pre-]screening of the same [pursuant to the WVPLRA]."[6] However, the motion and the petition are substantially similar in that they both alleged physical and sexual assault/abuse and property damage by other inmates and correctional staff. Therefore, after careful consideration, and out of respect for judicial economy, this Court concludes that the motion and the second petition should

be treated as a single filing that was dismissed by the Fayette County Circuit Court's March 22, 2012, order.

---

[5] *See* Syl. Pt. 2, *Ward v. Cliver*, 212 W.Va. 653, 575 S.E.2d 263 (2002).

[6] West Virginia Code § 25-1A-4 provides in pertinent part as follows:

> The court shall, prior to issuance of process, review the complaint, petition or other initial pleading to determine whether a civil action is frivolous or malicious as defined in subsection (b) of this section and fails to state a claim for which relief can be granted or seeks monetary relief from a party who is immune from such relief. If the complaint, petition or other initial pleading is frivolous or malicious, fails to state a claim for which relief can be granted or seeks monetary relief from a party who is immune from such relief, the court shall not issue process and shall dismiss the case.

W.Va. Code § 25-1A-4(a).

As to the merits, the respondent notes that petitioner has a lengthy history of disciplinary violations[7] and also a documented history of making false allegations.[8] The respondent warden notes petitioner's history of property damage by either stopping up his toilet or breaking the sprinkler. The respondent warden states that inmates like petitioner, who are housed in disciplinary or punitive segregation, remain locked in their cells for approximately twenty-three hours a day. Correctional staff is responsible for unlocking the feeding slots and providing food to the inmates. The respondent warden states that other inmates are not permitted in the area outside of the cells when the feeding lots are open.[9] Accordingly, after careful consideration, this Court concludes that the Circuit Court of Fayette County did not abuse its discretion in dismissing petitioner's action.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Fayette County and affirm its March 22, 2012, dismissal order.

Affirmed.

**ISSUED:**   March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7] Petitioner has 111 disciplinary violations.

[8] For example, the supplemental appendix contains video recordings of petitioner recanting allegations of sexual assault by other inmates.

[9] Petitioner's allegations include another inmate sticking a body part through the feeding slot in petitioner's cell. The supplemental appendix includes an affidavit by a correctional officer who states that there is no way to open a feeding slot from the outside without an officer opening it.