# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William A. Larue,**
**Petitioner Below, Petitioner**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-0743** (Fayette County 12-C-132)

**David Ballard, Warden**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner William Larue, *pro se*, appeals the circuit court's order entered May 14, 2012, denying his petition for writ of mandamus. Warden Ballard of Mount Olive Correctional Center, by counsel Tamara J. DeFazio, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is serving three to thirty-five years of incarceration for his conviction for one count of nighttime burglary, two counts of forgery, and two counts of uttering. On April 9, 2012, petitioner filed a petition for writ of mandamus in the Circuit Court of Monongalia County seeking relief from his conditions of confinement[1] due to the alleged denial of due process rights by prison officials while in administrative segregation through the facility's "Quality of Life Program," a program that rewards inmates who exhibit good behavior with additional benefits. Petitioner seeks $100 for each day he was denied the treatment he believes he deserves and seeks to have the Quality of Life Program discontinued. The case was later transferred to the Circuit Court of Fayette County. Respondent gave petitioner notice of respondent's intent to defend, but on May 10, 2012, petitioner filed a declaration for entry of default and motion for entry of default. On May 14, 2012, the circuit court entered its order dismissing petitioner's claims for failure to exhaust all available administrative procedures and held that, even if he had exhausted the administrative procedures, petitioner had alleged no violation of due process because Operational Procedure #3.36, the basis for respondent's actions, is an incentive-based program to give certain

---

[1]Petitioner stated in his petition for writ of mandamus that he wishes to have access to "comforts accorded [sic] to the general inmate population, specifically ball caps, band aids, binders, body lotion, boom box, colored pencils, cooler, hair brush, medicated powder, pencil eraser, playing cards, soap dish, storage/locker box, sweat pants, sweat shirts, Walkman, wallet, wrist watch, word processor, typewriter, shorts, trash can, memory cards, and surge protector."

1

inmates additional privileges and does not affect the rights of prisoners under Article III of the West Virginia Constitution or the Fifth or Fourteenth Amendments to the United States Constitution.

> "Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made." Syllabus Point 1, *State ex rel. Buxton v. O'Brien*, 97 W.Va. 343, 125 S.E. 154 (1924).

Syl. Pt. 6, *State ex rel. Affiliated Const. Trades Found. v. Vieweg*, 205 W.Va. 687, 520 S.E.2d 854 (1999).

> "'A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.' Syllabus Point 1, *State ex rel. Billy Ray C. v. Skaff*, 190 W.Va. 504, 438 S.E.2d 847 (1993); Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969)." Syllabus point 2, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995).

Syl. Pt. 2, *Ewing v. Bd. of Educ. of Cnty. of Summers*, 202 W.Va. 228, 503 S.E.2d 541 (1998).

> The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is *de novo*. Syllabus Point 1, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995). We review a circuit court's underlying factual findings under a clearly erroneous standard. 195 W.Va. at 62, 464 S.E.2d at 581. We also review conclusions of law under a clearly erroneous standard.

*O'Daniels v. City of Charleston*, 200 W.Va. 711, 715, 490 S.E.2d 800, 804 (1997); *see also Ward v. Cliver*, 212 W.Va. 653, 575 S.E.2d 263 (2002) (reviewing *de novo* a circuit court's *sua sponte* dismissal of an inmate's claim pursuant to West Virginia Code § 25-1A-4).

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his brief. The circuit court did not err in denying petitioner's mandamus petition because the circuit court correctly determined that West Virginia Code § 25-1A-2(a) requires petitioner to exhaust all administrative remedies before bringing suit in circuit court and that the privileges sought by petitioner do not implicate the due process clause. Further, we agree with respondent that petitioner has made no showing that respondent has a legal duty to grant him the relief he seeks. We also agree with respondent that an adequate remedy exists for petitioner – namely, that he participate in the Quality of Life Program and progress to full integration into the general inmate population. Finding no error in the denial of mandamus relief, the Court incorporates and adopts the circuit court's well-reasoned "Order" dated May 14, 2012, insofar as it addresses the assignments of error appealed herein, and directs the Clerk to attach the same hereto.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3