# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Andy E., Plaintiff Below,**
**Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0801** (Marshall County 14-C-121)

**Shift Commander John Doe, et al.,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

*Pro se* petitioner Andy E. appeals the Circuit Court of Marshall County's August 13, 2014, order dismissing his civil complaint for failure to state a claim upon which relief can be granted.[1] Respondents, by counsel William E. Murray and Morgan M. Griffin, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in dismissing his complaint because he set forth sufficient facts to establish he was entitled to relief and in ruling he must forfeit sixty days of good-time credit for his frivolous filing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2013, petitioner pled guilty in the Circuit Court of Ohio County to one count of sexual abuse by a parent, guardian, or custodian. He was thereafter sentenced to a term of incarceration of ten to twenty years. Prior to his conviction, petitioner was taken to the Northern Regional Jail. While in custody, petitioner asserts that he asked to be transferred from multiple housing units over fears that his fellow inmates were aware of the nature of his crime. After receiving several transfers, petitioner alleges that he was subjected to physical violence by other inmates that resulted in his transfer to the intensive care unit of Ohio Valley Medical Center, where he remained for approximately one week for treatment.

---

[1]In keeping with this Court's policy of protecting minors and the identity of the victims of sexual crimes, petitioner will be referred to by his initials throughout this memorandum decision.

1

In August of 2014, petitioner filed a complaint in the Circuit Court of Marshall County alleging that the respondents herein violated his constitutional rights by allowing him to be physically harmed by fellow inmates and not securing him in a housing unit designated specifically for sexual offenders or high risk inmates. On August 13, 2014, the circuit court dismissed the complaint as frivolous, and found that it failed to state a claim for which relief could be granted. The circuit court also ruled that petitioner must forfeit sixty days of good-time credit pursuant to West Virginia Code § 25-1A-6 as a result of his frivolous filing. It is from the resulting order that petitioner appeals.

We have previously established that an order dismissing a complaint governed by the West Virginia Prisoner Litigation Reform Act is subject to de novo review. *See Ward v. Cliver*, 212 W.Va. 653, 656, 575 S.E.2d 263, 266 (2002). Upon our review, we find no abuse of discretion in regard to the circuit court's order. To begin, pursuant to West Virginia Code § 25-1A-4(a), a circuit court "shall, prior to issuance of process, review the complaint . . . to determine whether a civil action is frivolous or malicious . . . and fails to state a claim for which relief can be granted[.]" That statute goes on to direct that "[i]f the complaint . . . is frivolous or malicious [or] fails to state a claim for which relief can be granted . . . , the court . . . shall dismiss the case." While petitioner argues that he alleged facts sufficient to establish that he was entitled to relief, the Court does not agree.

It is true that petitioner's complaint is fact-intensive, as it set forth with particularity the time and location of the incidents of which he complains, as well as the parties involved. However, petitioner merely made an unsupported assertion that respondents violated his due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution when other inmates assaulted him. Petitioner failed to set forth what specific right, rule, or statute was violated or created a duty on respondents' part that was breached. Absent any citation to a specific violation by respondents, petitioner's complaint fails to state a claim upon which relief can be granted. For these reasons, the circuit court did not err in dismissing petitioner's complaint.

Moreover, West Virginia Code § 25-1A-6 states that "[u]pon a finding by the court that a civil action is frivolous, malicious or intended to harass the party against whom the civil action is brought . . . , the court may order that the inmate forfeit earned good-time credit." West Virginia Code § 25-1A-4(b)(1) defines a civil action as frivolous or malicious if it "[h]as no arguable basis in fact or law." As noted above, petitioner failed to establish any legal standard that respondents allegedly violated. Accordingly, the circuit court found that petitioner's complaint was "both frivolous and an utter failure to state a claim for which relief can be granted." As such, the circuit court did not err in ordering that petitioner must forfeit sixty days of good-time credit.

For the foregoing reasons, the circuit court's August 13, 2014, order dismissing petitioner's complaint is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II