# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kenneth Edward Chance, Jr.,**
**Plaintiff Below, Petitioner**

**vs)   No. 15-0340** (Kanawha County 14-C-1830)

**Cheryl Chandler, Executive Assistant, Mount**
**Olive Correctional Complex; David Ballard,**
**Warden, Mount Olive Correctional Complex; and**
**Jim Rubenstein, Commissioner, West Virginia**
**Division of Corrections; Defendants Below,**
**Respondents**

**FILED**

September 11, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Kenneth Edward Chance, Jr., *pro se*, appeals the order of the Circuit Court of Kanawha County, entered March 20, 2015, that dismissed his civil action against certain correctional officials. Respondents Cheryl Chandler, Executive Assistant, Mount Olive Correctional Complex; David Ballard, Warden, Mount Olive Correctional Complex; and Jim Rubenstein, Commissioner, West Virginia Division of Corrections, by counsel John P. Fuller and Daniel T. LeMasters, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From February of 1995 until May 23, 2013, petitioner was an inmate at Mount Olive Correctional Complex ("Mount Olive"). On May 23, 2013, petitioner was transferred from Mount Olive to the Northern Correctional Facility. In his civil action, petitioner alleged that this transfer was in retaliation for making accusations against Respondent Chandler. Petitioner made accusations against Respondent Chandler after: (1) petitioner's request to present criminal allegations to a grand jury; (2) petitioner's requests for information about a charity fundraiser at Mount Olive; and (3) petitioner's participation in a court-ordered investigation to look into petitioner's allegations regarding financial irregularities. Petitioner alleged that Respondent Chandler threatened to spread a false and malicious rumor regarding petitioner in anticipation that other inmates would then harm or kill petitioner. Respondent Chandler allegedly further threatened petitioner that if he did not withdraw his second Freedom of Information request, Respondent Chandler would arrange for other inmates to murder petitioner. In addition to the allegations involving Respondent Chandler, petitioner averred that Respondents Rubenstein and

1

Ballard failed to adhere to staff disciplinary rules by not disciplining Respondent Chandler for her alleged actions.

Petitioner filed his civil action on October 7, 2014. In his complaint, petitioner sought monetary damages as well as declaratory and injunctive relief. On December 2, 2014, respondents filed a motion to dismiss petitioner's action based upon qualified immunity and because petitioner's allegations were conclusory in nature.[1] Petitioner filed a response to the motion to dismiss on December 12, 2014, in which he addressed respondents' arguments. Subsequently, by order entered March 20, 2015, the circuit court dismissed petitioner's action, finding that respondents had qualified immunity as to his claims. In addition, the circuit court found that petitioner's complaint contained "[bald] accusations of alleged conspiracies . . . and baseless conclusory statements."

Petitioner now appeals the circuit court's March 20, 2015, dismissal of his action. We review a circuit court's dismissal of an action de novo. *See* Syl. Pt. 2*, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995). We note that a heightened pleading standard applies when an inmate alleges that prison officials have retaliated against him for exercising his fundamental rights. *See State ex rel. Anstey v. Davis*, 203 W.Va. 538, 550, 509 S.E.2d 579, 591 (1998).

On appeal, the parties dispute whether the circuit court dismissed the action for a failure to state a claim on which relief can be granted. Based on his contention that the doctrine of qualified immunity was the only reason for the circuit court's dismissal, petitioner argues that qualified immunity does not bar his claims for declaratory and injunctive relief.[2] However, in the circuit court, petitioner replied to respondent's argument that his allegations were conclusory. Therefore, because a dismissal for a failure to state a claim on which relief can be granted disposes of all of petitioner's claims, we affirm the circuit court's dismissal on that ground[3]—for reasons discussed *infra*—and do not address the qualified immunity issue.[4]

---

[1] On appeal, petitioner argues that the circuit court erred in considering respondents' motion to dismiss because the motion was filed before the pre-screening of petitioner's action required by the Prisoner Litigation Reform Act, West Virginia Code § 25-1A-4. We have determined that the circuit court's adjudication of the motion to dismiss in lieu of pre-screening of petitioner's action did not constitute error. *See* Syl. Pt. 1, *Ward v. Cliver*, 212 W.Va. 653, 654, 575 S.E.2d 263, 264 (2002) (construing pre-screening pursuant to West Virginia Code § 25-1A-4 as discretionary).

[2] *See Camreta v. Greene*, __ U.S. __, __ n. 5, 131 S.Ct. 2020, 2031 n. 5, 179 L.Ed.2d 1118, 1132 n. 5 (2011) (qualified immunity unavailable in actions to enjoin future conduct).

[3] Even if the circuit court meant to rule only on the qualified immunity ground, we "are not wed . . . to the lower court's rationale, but may rule on any alternate ground manifest in the record." *Conrad v. ARA Szabo*, 198 W.Va. 362, 369, 480 S.E.2d 801, 808 (1996).

[4] Because we do not address the qualified immunity issue, we also decline to address

(Continued . . .)

Petitioner acknowledges that respondents describe his allegations as "baseless." Indeed, petitioner alleged, *inter alia*, that Respondent Chandler—the executive assistant to Respondent Ballard—threatened to arrange his murder by other inmates. We determine that petitioner's bald allegations of conspiracies do not survive the heightened pleading standard that applies pursuant to *Anstey*. *See also Par Mar v. City of Parkersburg*, 183 W.Va. 706, 711, 398 S.E.2d 532, 537 (1990) (stating that even under normal pleading standard, baseless pleading cannot be justified). Therefore, we conclude that petitioner's complaint fails to state a claim on which relief can be granted as it relates to Respondent Chandler's alleged threats. Because the claim against Respondent Chandler fails, we find that petitioner's claims that Respondents Rubenstein and Ballard did not appropriately discipline Respondent Chandler also fail.

With regard to petitioner's transfer from Mount Olive to the Northern Correctional Facility, we find that prison officials have discretion to transfer prisoners in an effort to maintain a satisfactory operational environment. "We must be careful not to substitute our judgment for that of prison administrators." *Nobles v. Duncil*, 202 W.Va. 523, 534, 505 S.E.2d 442, 453 (1998); *see also O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) ("evaluation of penological objectives is committed to the considered judgment of prison administrators" because it is prison administrators who have to "anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration"). By petitioner's own allegations, he was participating in a court-ordered investigation, in which he alleged that numerous Mount Olive officials had committed embezzlement. Nevertheless, petitioner contends that respondents transferred him to the Northern Correctional Facility at least in part to retaliate against him. However, under *Anstey*, prison officials' motivation is irrelevant and the only pertinent inquiry is whether prison officials' action violated a fundamental right. *See* 203 W.Va. at 550, 509 S.E.2d at 591 ("[T]his Court will generally determine the constitutionality of a challenged prison policy, *not by the legitimacy of the motivations for its enactment*, but according to whether the policy results in a violation of a fundamental right.") (emphasis added). In *Anstey*, we noted that while a prisoner's exercise of his right to access to the courts should not be chilled, that right is not completely unfettered because of "the acknowledged propensity" toward abuse. *Id.*, 203 W.Va. at 547, 509 S.E.2d at 588 (internal quotations and citations omitted). We note that petitioner is currently pursuing more than one appeal in this Court.[5] Therefore, we cannot conclude that petitioner's transfer from Mount Olive chilled petitioner's exercise of the right to access the courts and, accordingly, do not find an abuse of discretion in the decision to transfer petitioner.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm the circuit court's dismissal of petitioner's action.

---

petitioner's argument that the circuit court's findings with regard to qualified immunity were insufficient to support a ruling on that basis.

[5] In Supreme Court No. 15-0297, petitioner is appealing the denial of a petition he filed pursuant to the West Virginia Freedom of Information Act with regard to the State's prison food and medical service contractors' alleged non-compliance with their contracts.

                                                                 Affirmed.

**ISSUED**: September 11, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II