# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Larry Wayne Cantrell,**
**Plaintiff Below, Petitioner**

**vs.) No. 20-0163** (Kanawha County 19-C-1235)

**West Virginia Division of Corrections and**
**Rehabilitation,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Larry Wayne Cantrell appeals the January 28, 2020, order of the Circuit Court of Kanawha County dismissing his complaint pursuant to Title 42, Section 1983 of the United States Code regarding the terms and conditions of his incarceration. Respondent West Virginia Division of Corrections and Rehabilitation ("DCR"), by counsel Briana J. Marino, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court failed to make findings of fact and conclusions of law sufficient to permit meaningful appellate review of the court's ruling. For this reason, this case is remanded to the circuit court for the entry of an order that includes sufficient findings.

Petitioner is a prisoner who has been in the DCR's custody since 2010.[1] According to petitioner, during his incarceration, the DCR has housed him either at the Northern Correctional Facility ("NCF") or Mt. Olive Correctional Complex ("Mt. Olive"). Petitioner states that he suffers from a number of preexisting mental health conditions that make him prone to commit disciplinary

---

[1]Petitioner pled guilty to first-degree murder and attempted robbery for his part in a plan to steal drugs and money from an individual's home. *See State v. Holstein*, 235 W. Va. 56, 60 & n.7, 770 S.E.2d 556, 560 & n.7 (2015). Petitioner was sentenced to a life term of incarceration with the possibility of parole for his first-degree murder conviction and to a concurrent term of twenty years of incarceration for the attempted robbery conviction. *Id.*

1

violations for which he is often subjected to short periods of punitive segregation. Petitioner alleges that, following these periods of punitive segregation, the DCR transfers him from the NCF to Mt. Olive where he is placed in administrative segregation in a program called Quality of Life ("QOL"). According to Mt. Olive Operational Procedure No. 324, the QOL program is "[a] behavior driven progressive incentive system consisting of four levels, which encourages appropriate behavior through behavior modification and programs participation and/or compliance."

Petitioner states that his first placement in the QOL program lasted over three years and that his second placement lasted for eighteen months. Petitioner alleges that his placements in the QOL program exacerbate his mental health conditions, make him more prone to commit disciplinary violations, and have caused him to be diagnosed with a new mental health condition, post-traumatic stress disorder.

In December of 2019, petitioner filed a complaint in the Circuit Court of Kanawha County pursuant to Title 42, Section 1983 of the United States Code seeking monetary damages and injunctive relief against the DCR.[2] In petitioner's complaint, he alleges that the DCR is deliberately indifferent to the substantial risk that long-term administrative segregation poses to him and to other similarly situated prisoners.

Prior to the issuance of process, the circuit court evaluated the complaint pursuant to the West Virginia Prisoner Litigation Reform Act ("PLRA"), West Virginia Code §§ 25-1A-1 through 25-1A-8. On January 28, 2020, the circuit court dismissed the complaint with a terse order categorically finding that petitioner's complaint was "frivolous and/or malicious" as defined in West Virginia Code § 25-1A-4(b).[3]

Petitioner now appeals the circuit court's January 28, 2020, order. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is de novo." Syl. Pt. 1, *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 700 S.E.2d 183 (2010) (quoting Syl. Pt. 2, *State ex rel.*

---

[2]The private contractor that provides mental health services to DCR prisoners and various agents and employees of both the DCR and the contractor are listed as additional defendants in petitioner's complaint, but they do not appear in this appeal.

[3]West Virginia Code § 25-1A-4(b) provides:

(b) A civil action is frivolous or malicious if it:

(1) Has no arguable basis in fact or law; or

(2) Is substantially similar to a previous civil action in which the inmate did not substantially prevail, either in that it is brought against the same parties or in that the civil action arises from the same operative facts of a previous civil action; or

(3) Has been brought with the intent to harass an opposing party.

*McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)). We addressed dismissals pursuant to the provisions of the PLRA in *Ward v. Cliver*, 212 W. Va. 653, 575 S.E.2d 263 (2002), and held that "[o]rders dismissing claims pursuant to W.Va. Code, 25-1A-4 [2000] must state the court's reasoning and must set forth the specific factual and legal basis for the court's decision." *Id.* at 654, 575 S.E.2d at 264, syl. pt. 2.

On appeal, petitioner argues that the circuit court's dismissal of his complaint should be reversed. The DCR counters that this Court cannot yet meaningfully review the dismissal of the complaint. As noted by the DCR, in *Ward*, this Court found that a virtually identical order failed to meet the standard for an adequate order, explaining that there was nothing more than "a boilerplate reference to the statutory language." *Id.* at 656, 575 S.E.2d at 266.[4] Accordingly, the DCR argues that the matter should be remanded to the circuit court with directions that it enter an order that complies with our holding in Syllabus Point 2 of *Ward*. We agree. Therefore, we remand this case to the circuit court for the purpose of setting forth specific findings of fact and conclusions of law sufficient to permit meaningful appellate review.

Remanded with Directions.

**ISSUED:**  December 10, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]Based on our review of the order in the instant case and the order at issue in *Ward v. Cliver*, 212 W. Va. 653, 575 S.E.2d 263 (2002), we agree with the DCR that the two orders are strikingly similar.