FRANK TROVATO, *et al.*

*v.*

THE TOWN OF STAR CITY, *etc.*

(No. 15843)

Decided April 3, 1981.

*Eugene J. Sellaro, Jr.* for appellants.

*David L. Solomon* for appellees.

PER CURIAM:

On June 28, 1979, the Circuit Court of Monongalia County issued a writ of mandamus directing the appellant, The Town of Star City, to permit the appellees, the Trovatos, to place twelve mobile homes on a parcel of land which was zoned for single family residences. In arriving at its decision, the court was guided by our holding in *Carter v. City of Bluefield*, 132 W.Va. 881, 54 S.E.2d 747 (1949). The Town, in this appeal, contends that the *Carter* case is inapplicable to the one at bar and that the court erred in its ruling. We disagree, and we affirm the action of the circuit court.

After the Star City Board of Adjustment, the town zoning authority, rejected the Trovatos' request that their land, zoned for a single family residence, be rezoned to allow the placement of mobile homes, the Trovatos instituted the case before us by petitioning the Circuit Court of Monongalia County for a Writ of Mandamus to require the Town to allow the trailers. The circuit court conducted hearings in the matter, and at the conclusion of the hearings found that the Trovato property was surrounded on three sides by mobile homes and that on the fourth side it was bounded by the property of James Trovato, Sr., the appellees' father. The court also found that in view of the character of the immediate surroundings, it would be unreasonable to erect a single family residence on the parcel, and that zoning the property for a single family residence was clearly arbitrary, capricious, and unreasonable.

In this appeal the Town argues that the court erred in relying on the *Carter* case when the facts presented are identical to those presented in *State ex rel. Cobun v. Town of Star City*, 157 W.Va. 86, 197 S.E.2d 102 (1973). We do not agree. While the layout of the Town of Star City is the same as in the *Cobun* case, and while there are still only two trailer parks in the Town, the Trovato parcel is located between the two parks whereas the Cobun parcel was located near them. It is not the layout of the town which is dispositive in this case but the location of the Trovato parcel in relation to the trailer parks and the effect of that location on the use of the Trovato property.

In Syllabus Point 9 of *Carter v. City of Bluefield, supra,* we held:

> "A zoning ordinance of a municipality, creating use districts and imposing restrictions upon the use of property in the various districts, which, as applied to particular property, does not bear a substantial relation to the public health, safety, morals, or the general welfare of the municipality, and is clearly arbitrary and unreasonable in depriving the owner of the beneficial use of his property and in substantially depreciating its

value, is, as to such property, invalid as violative of Sections 9 and 10, Article III of the Constitution of this State and the Fourteenth Amendment to the Constitution of the United States."

See also *Anderson v. City of Wheeling*, 150 W. Va. 689, 149 S.E.2d 243 (1966); *G-M Realty, Inc. v. City of Wheeling*, 146 W. Va. 360, 120 S.E.2d 249 (1961).

The property in the *Carter* case was located in what had once been a residential neighborhood. Over the years, however, a railroad station and commercial buildings had been erected, and the character of the neighborhood had changed from residential to commercial. By the time of the bringing of the action, at least ninety percent of the industrial plant and wholesale houses of the Town were located in the neighborhood contiguous to Mr. Carter's property. The court noted that there was a complete absence of any newly constructed residences in the area and was persuaded that it was unsuited for new residential construction. It held that the zoning ordinance deprived Mr. Carter of his right to enjoy his property in a suitable manner, that use of it for commercial purposes would not adversely affect the health, safety, morals or general welfare of the Town, and that under the circumstances application of it to the Carter property was unreasonable.

In the case before us the court found that the Trovato property, which was surrounded on three sides by trailers, was unsuited for new residential construction. The court also found that allowing trailers on the property would not adversely affect the health, safety or general welfare of the Town. Those findings were supported by evidence introduced by the Trovatos. Where a decision of a trial court is not clearly wrong, it should be affirmed. *See, Henson v. Prudential Ins. Co. of America*, 158 W.Va 851, 215 S.E.2d 211 (1975); *Gray v. Marino*, 138 W.Va. 585, 76 S.E.2d 585 (1953); *In re Fox' Estate*, 131 W.Va. 429, 48 S.E.2d 1 (1948); *McGraw v. Roller*, 47 W.Va. 650, 35 S.E. 822 (1900).

Finding that the circuit court's decision is in line with the *Carter* case and not plainly wrong, we affirm it.

*Affirmed.*