398 S.E.2d 532

**PAR MAR, An Ohio Corporation,**

v.

**The CITY OF PARKERSBURG, A West Virginia Municipal Corporation.**

No. 19487.

Supreme Court of Appeals of West Virginia.

Oct. 25, 1990.

---

R. Vance Golden, III, Parkersburg, for Par Mar.

Richard A. Hayhurst, Parkersburg, for City of Parkersburg.

McHUGH, Justice:

This appeal involves a municipal zoning ordinance, but the dispositive issue presented is procedural in nature, that is, the propriety of granting a motion to dismiss for failure to state a claim upon which relief may be granted. Under the particular circumstances here we believe the trial court, the Circuit Court of Wood County, West Virginia, properly granted the motion to dismiss for failure to state a claim, and we, therefore, affirm the trial court's final order.

I

The appellant is Par Mar, an Ohio corporation. Par Mar operates a line of convenience stores and is a wholesale distributor of Union Oil gasoline and oil products. The appellee is the City of Parkersburg, West

Virginia. The real property involved in this case had been used for gasoline station purposes since about 1950 by the appellant's predecessors in title.

In 1973, the appellee enacted a new zoning ordinance based upon a comprehensive plan.[1] The subject property was included in a single- and two-family residential (R–3) zone. It is surrounded on three sides by residences. Across State Route No. 47 (Staunton Street), one of the major roads in the city, are a heavy manufacturing (M–2) zone and a recreational zone, both of which extend back to the Little Kanawha River. One of the stated purposes of the comprehensive plan was to encourage location of businesses in the downtown central business district and to discourage "commercial strip development" along the major road arteries, such as State Route No. 47, outside the downtown district.

The 1973 zoning ordinance contained a so-called "grandfather clause," so that after enactment of such ordinance the appellant's predecessors in title continued lawfully to operate a gasoline station on the property.[2] Starting sometime after 1982, the property was permitted to be used for convenience store purposes, including retail gasoline sales.

The appellant acquired title to part of the subject property in June, 1986, at a foreclosure sale. Due to a scrivener's error, the appellant did not obtain the title to the remainder of the property until April, 1988. During that period of time no business was conducted on the property because Par Mar was unable to consummate a sale or lease to anyone, due primarily to the cloud on the title. In the fall of 1988 the appellant decided to operate the convenience store itself but was denied a permit to operate the same.

It was ultimately held by the Circuit Court of Wood County, *in an entirely separate action brought by two nearby lot owners,* that the nonconforming (commercial) use of Par Mar's property, pursuant to the zoning ordinance's "grandfather clause," had been abandoned for more than the period of time (a year) allowed under such ordinance. The separate case involving the abandonment issue is *not* part of this appeal.[3]

The appellant brought *this* action to obtain a declaratory judgment that the zoning ordinance is unconstitutional as applied to the appellant's property, as such ordinance is allegedly "arbitrary and unreasonable." The appellant also sought an injunction against the appellee and any other person,

1. The zoning ordinance of the City of Parkersburg, adopted February 27, 1973, is codified as *Parkersburg, W.Va., Code* arts. 1345–1366 (1988).

   The statutory provisions on comprehensive plans are contained in *W.Va.Code,* 8–24–16 to –27, as amended, and the general statutory provisions on zoning are contained in *W.Va.Code,* 8–24–39 to –71, as amended.

2. The "grandfather clause," set forth in *Parkersburg, W.Va., Code* art. 1365.03 (1988), states in pertinent part:

   > 1365.03 NONCONFORMING USES OF LAND.
   > Where, at the effective date of adoption or amendment of this Zoning Ordinance, passed February 27, 1973, a lawful use of land exists that is made no longer permissible under the terms of this article, such use may be continued so long as it remains otherwise lawful, subject to the following provisions:
   > . . . .
   > (c) *Abandonment.* If any such nonconforming use of land ceases for any reason for a period of more than one year, any subse-

quent use of such land shall conform to the regulations specified by this Zoning Ordinance for the district in which such land is located.
   *See also W.Va.Code,* 8–24–50 [1984] (existing uses safeguarded).

3. While the appellant's complaint in the action now before this Court recited some of the factual background pertaining to the abandonment issue, the appellant did not seek in its complaint any relief as to the abandonment issue, for it had prevailed on that issue before the Board of Zoning Appeals. On appeal by the nearby lot owners, the circuit court reversed the decision of the Board of Zoning Appeals on the same day that the circuit court ruled in this case.

   The appellant did not clarify to this Court that the abandonment issue was actually involved only in the other case. By order entered on April 18, 1990, this Court denied the appellant's motion to consolidate the two cases. Accordingly, the question of whether the appellant had "abandoned" the nonconforming (commercial) use of its property for more than a year is not before us.

restraining them from interfering with the appellant's "full commercial use" of the property. The appellant further sought to recover damages resulting from not being permitted to use its property for commercial purposes.[4]

The trial court granted the appellee's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.[5]

## II

A zoning ordinance, as an exercise of the broad police power of the local governing body, is rebuttably presumed to be valid. The Court has stated this concept in the following manner: "The enactment of a zoning ordinance of a municipality[,] being a legislative function, all reasonable presumptions should be indulged in favor of its validity." Syl. pt. 3, *G–M Realty, Inc. v. City of Wheeling*, 146 W.Va. 360, 120 S.E.2d 249 (1961). *Accord, Grady v. City of St. Albans*, 171 W.Va. 18, 20, 297 S.E.2d 424, 426 (1982); syl. pt. 1, *Town of Stonewood v. Bell*, 165 W.Va. 653, 270 S.E.2d 787 (1980); syl. pt. 2, *Anderson v. City of Wheeling*, 150 W.Va. 689, 149 S.E.2d 243 (1966). To rebut the presumption of the validity of a zoning ordinance the complaining party must bear a heavy burden, for "a municipality may enact a zoning ordinance which restricts the use of property in designated districts within the municipality if the restrictions imposed by the ordinance are not arbitrary or unreasonable and bear a substantial relation to the public health, safety, morals, or the general welfare of the municipality." Syl. pt. 7, in part, *Carter v. City of Bluefield*, 132 W.Va. 881, 54 S.E.2d 747 (1949). *Accord*, syl. pt. 2, *DeCoals, Inc. v. Board of Zoning Appeals*, 168 W.Va. 339, 284 S.E.2d 856 (1981).

A zoning ordinance "may be valid in its general scope and broad outline but invalid to the extent that the restrictions imposed are clearly arbitrary and unreasonable in their application to particular property." Syl. pt. 8, in part, *Carter v. City of Bluefield*, 132 W.Va. 881, 54 S.E.2d 747 (1949). In that regard the Court held in syllabus point 1 of *Anderson v. City of Wheeling*, 150 W.Va. 689, 149 S.E.2d 243 (1966):

A zoning ordinance is not invalid as to a particular property owner where such property owner is not treated differently from other property owners [in the same zoning district] and the ordinance bears a substantial relation to the health, safety, morals and general welfare of the people, and the courts are not disposed to declare an ordinance invalid in whole or in part where it is fairly debatable as to whether the action of the zoning commission or the city council is arbitrary or unreasonable.

*See also* syl. pt. 4, *DeCoals, Inc. v. Board of Zoning Appeals*, 168 W.Va. 339, 284 S.E.2d 856 (1981); *Town of Stonewood v. Bell*, 165 W.Va. 653, 657, 270 S.E.2d 787, 790 (1980); syl. pt. 2, *G–M Realty, Inc. v. City of Wheeling*, 146 W.Va. 360, 120 S.E.2d 249 (1961). In short, "[w]here the

---

**4.** In its complaint the appellant also sought judicial review by *certiorari* of the Municipal Planning Commission's refusal to recommend to the City Council that the appellant's property be rezoned to a business or manufacturing district. The appellant does not raise this issue as an assignment of error in its petition for appeal or in its briefs submitted to this Court.

**5.** Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure* authorizes a motion to dismiss a complaint or other claim for "failure to state a claim upon which relief can be granted[.]"

The trial court's opinion referred to dismissal of the *action*. The trial court's order, however, dismissed the *complaint*. The record does not indicate clearly whether the trial court viewed the dismissal as "with prejudice." In syllabus point 1 of *Pittsburgh Elevator Co. v. West Virginia Board of Regents*, 172 W.Va. 743, 310 S.E.2d 675 (1983), we held: "If the effect of a dismissal of a complaint is to dismiss the action, such that it cannot be saved by amendment of the complaint, or if a plaintiff declares his intention to stand on his complaint, an order to dismiss is final and appealable." In the present case the dismissal was appealable as a final order because the appellant has elected to stand on its complaint, rather than to amend it.

Under Rule 57 of the *West Virginia Rules of Civil Procedure*, such rules, including Rule 12(b)(6) on motions to dismiss for failure to state a claim, apply to declaratory judgment actions such as this one.

complaining party has failed to show that a municipal [zoning] ordinance, properly adopted, is arbitrary or unreasonable, this Court will not overrule city authorities in the exercise of their legislative function." Syl. pt. 4, *Town of Stonewood v. Bell,* 165 W.Va. 653, 270 S.E.2d 787 (1980).

■ Moreover, the person challenging the validity of a zoning ordinance, as applied to the property in question, must show by clear and convincing evidence that the ordinance is arbitrary or unreasonable or does not bear a substantial relation to the public health, safety, morals or general welfare of the community. *See Town of Stonewood v. Bell,* 165 W.Va. 653, 659, 270 S.E.2d 787, 791 (1980).

In a challenge to the validity of a zoning ordinance as applied to the property in question, the relevant factors include the following: (1) existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the particular zoning restrictions; (3) the extent to which the destruction of property values of the plaintiffs promotes the health, safety, morals or general welfare of the public; (4) the relative gain to the public, as compared to the hardship imposed upon the individual property owner; (5) the suitability of the subject property for the zoned purposes; and (6) the length of time the property has been vacant as zoned, considered in the context of land development in the area in the vicinity of the property. *See, e.g., La Salle National Bank v. County of Cook,* 60 Ill.App.2d 39, 51, 208 N.E.2d 430, 436 (1965). "If most of the factors necessary to the decision of a zoning case have both positive and negative aspects it would appear that these matters are fairly debatable, and in such case the court will not overrule the city authorities in the exercise of their legislative function." Syl. pt. 4, *Anderson v. City of Wheeling,* 150 W.Va. 689, 149 S.E.2d 243 (1966). *Accord,* syl. pt. 3, *Town of Stonewood v. Bell,* 165 W.Va. 653, 270 S.E.2d 787 (1980).

■ With these principles of substantive law in mind, we now turn to the procedural question presented in this case. The trial court granted the motion of the city to dismiss for failure to state a claim upon which relief may be granted. "Whether a complaint states a claim upon which relief may be granted is to be determined solely from the provisions of such complaint[.]" Syl. pt. 3, in part, *Barker v. Traders Bank,* 152 W.Va. 774, 166 S.E.2d 331 (1969). *See also* syl. pt. 4, in part, *United States Fidelity & Guaranty Co. v. Eades,* 150 W.Va. 238, 144 S.E.2d 703 (1965) (only matters contained in a pleading can be considered on motion to dismiss under Rule 12(b)(6), *W.Va.R.Civ.P.*).

This Court, recognizing liberal pleading standards and favoring determinations upon the merits, *see W.Va.R.Civ.P.* 8(a), 1 & 61, looks generally with disfavor upon the granting of Rule 12(b)(6) motions to dismiss. *See, e.g., Sticklen v. Kittle,* 168 W.Va. 147, 164, 287 S.E.2d 148, 157 (1981), and the cases cited there. On the other hand, we have occasionally upheld the granting of such motions to dismiss. Those cases usually involve judicial deference to the agreement of the parties or to the decision of a coordinate branch of government and involve a complaint which makes only *conclusory* allegations without *any* material factual allegations in support thereof. *See, e.g., Collia v. McJunkin,* 178 W.Va. 158, 160, 358 S.E.2d 242, 244, *cert. denied,* 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 357 (1987) (lease cancellation for allegedly inadequate consideration); *Fass v. Nowsco Well Service, Ltd.,* 177 W.Va. 50, 52, 350 S.E.2d 562, 564 (1986) (wrongful discharge claim). As this Court stated in *Fass,* in these types of cases the essential material facts must appear on the face of the complaint, 177 W.Va. at 52, 350 S.E.2d at 563, and sketchy generalizations of a conclusive nature unsupported by operative facts do not set forth a cause of action. *Id.* 177 W.Va. at 53, 350 S.E.2d at 564. *Cf. W.Va.R.Civ.P.* 9(b) (averments of circumstances constituting fraud shall be stated with particularity).

In *Sticklen v. Kittle,* 168 W.Va. 147, 287 S.E.2d 148 (1981), we held that the plaintiffs had alleged "various factual matters in support of their assertion that the defen-

dants [had] acted in an arbitrary and capricious manner." *Id.* 168 W.Va. at 167, 287 S.E.2d at 159. We recognized, however, that

> liberalization in the rules of pleading in civil cases does not justify a carelessly drafted or baseless pleading. As stated in Lugar and Silverstein, *West Virginia Rules of Civil Procedure* (1960) at 75: 'Simplicity and informality of pleading do not permit carelessness and sloth: the plaintiff's attorney must know every essential element of his cause of action and must state it in the complaint.'

*Id.* 168 W.Va. at 164, 287 S.E.2d at 157–58. *Accord, Fass v. Nowsco Well Service, Ltd.,* 177 W.Va. 50, 52, 350 S.E.2d 562, 564 (1986).

▪ In the present case the complaint alleges that the zoning ordinance is arbitrary and unreasonable as applied to the appellant's property, without factual allegations in support of that conclusion. The only reasonable inference which can be drawn from the language of the complaint is that the zoning ordinance is allegedly arbitrary and unreasonable as applied to the appellant's property because, under the ordinance, properties abutting on the south side of State Route No. 47 may be used for nonresidential purposes, while those abutting on the north side of that highway may be used only for residential purposes.

However, a zoning ordinance must draw lines for boundaries between zoning districts, and such line drawing, such as utilizing a highway or a street as a boundary, is not *ipso facto* "arbitrary and unreasonable" so as to invalidate the application of a zoning ordinance. As stated in the opinion in *Board of Supervisors v. Pyles,* 224 Va. 629, 300 S.E.2d 79 (1983), "[f]ixing the specific location of boundaries between zoning districts is a legislative function that 'is, by nature, more or less arbitrary[,]'" *id.* at 638, 300 S.E.2d at 84 (internal citation omitted), but not so "arbitrary" by itself as to invalidate the application of a zoning ordinance as a matter of law. *See also Wilkins v. City of San Bernardino,* 29 Cal.2d 332, 339–40, 175 P.2d 542, 548 (1946) (en banc); *Lapkus Builders, Inc. v. City of Chicago,* 30 Ill.2d 304, 310, 196 N.E.2d 682, 686 (1964) (presence of less restricted areas across the street does not make restrictions in question unreasonable); *Dodge Mill Land Corp. v. Town of Amherst,* 61 A.D.2d 216, 220, 402 N.Y.S.2d 670, 672 (1978) (highway may separate business and residential zones); *Carlson v. City of Bellevue,* 73 Wash.2d, 41, 48–49, 435 P.2d 957, 961–62 (1968) (en banc) (not arbitrary and unreasonable to use highway as boundary between industrial zone and multiple housing/nonretail business zone, even though there are two gasoline service stations across highway from proposed gasoline service station); 2 R. Anderson, *American Law of Zoning 3d* §§ 9.04, 9.06, 9.08 (1986); 1 E. Yokley, *Zoning Law and Practice* § 7–17 (4th ed. 1978); 8 E. McQuillin, *The Law of Municipal Corporations* §§ 25.90, 25.91 (3d ed. rev. 1983); 82 Am.Jur.2d *Zoning and Planning* §§ 79, 81 (1976). We concur with the following comments made in *City of Miami Beach v. Wiesen,* 86 So.2d 442 (Fla.1956) (en banc):

> It is trite to observe that in zoning a city into various use districts there must be a dividing line somewhere. The selection of such a line involves the exercise of the legislative power and is a problem peculiarly within the power of the legislative body of a municipality. It involves a high degree of legislative discretion and an acute knowledge of existing conditions and circumstances. If the fairly debatable rule is a sound one, and we have so held, there is no situation in the field of zoning in which it is more applicable than that involving the decision of where the dividing line between use districts should be placed. Recognizing the fundamental premise that there must be a line somewhere, the courts should be highly respectful of the decision of the legislative body which, under the law, is vested with the power and charged with the duty of zoning. The courts should tread lightly in this field and then only

where the actions of the City Council are so unreasonable and unjustified as to amount to confiscation of property.

*Id.* at 445.[6]

Based upon all of the above, this Court concludes that the trial court properly granted the Rule 12(b)(6) motion to dismiss.

**6.** While the appellant alleged in its complaint that the application of the zoning ordinance to the appellant's property "substantially depreciates its value[,]" there are *no* factual allegations in the complaint in support of this conclusion.

In this regard we note that this case is materially distinguishable from *Trovato v. Town of Star City,* 166 W.Va. 699, 276 S.E.2d 834 (1981), and *Carter v. City of Bluefield,* 132 W.Va. 881, 54 S.E.2d 747 (1949). In those cases the zoning

Accordingly, the final order of the trial court is affirmed.

Affirmed.

restrictions were invalidated as applied to the property in question, but the property in question was sought to be used for purposes consistent with the use of adjacent properties. Here, in contrast, the property in question is sought to be used for purposes (business) inconsistent with the use of properties surrounding the property in question on three sides (single- and two-family residences).