## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dennis A. Givens,**
**Plaintiff Below, Petitioner**

**FILED**

May 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)  **No. 12-0341** (Monongalia County 11-C-74)

**Keith C. Gamble and Pullin, Fowler, Flanagan,**
**Brown, & Poe, LLC, Defendants Below, Respondents**

### MEMORANDUM DECISION

Petitioner Dennis A. Givens, *pro se*, appeals the order of the Circuit Court of Monongalia County, entered February 17, 2012, dismissing his civil action alleging defamation and intentional infliction of emotional distress. Respondents Keith C. Gamble and Pullin, Fowler, Flanagan, Brown, & Poe, LLC, by Stephen M. Fowler, their attorney, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's brief is difficult to decipher. However, it appears that the respondent lawyer and his law firm (collectively "respondents") represented Rebecca Randolph and Main Street Bank in previous litigation involving petitioner's nephew. Since that time, petitioner and his nephew, along with a Carol Pazzuto,[1] have filed numerous actions against respondents.[2] Relevant to the case at bar, petitioner filed nearly identical complaints in the Circuit Court of Ohio County on February 9, 2010, and March 23, 2010. On May 6, 2011, the Ohio County court dismissed those complaints in Civil Action Nos. 10-C-42 and 10-C-102.

Petitioner filed the instant action in the Circuit Court of Monongalia County on February 4, 2011, which was designated as Civil Action No. 11-C-74.[3] Respondents filed a motion to

---

[1] Ms. Pazzuto appears to be a relative of petitioner's nephew.

[2] Some of these actions have also named Ms. Randolph and Main Street Bank as defendants.

[3] In his complaint, petitioner sought damages in the amount of $12,000,000.

1

dismiss. At a July 11, 2011 hearing,[4] respondents argued that petitioner's action should be dismissed for a number of reasons: (1) the action was barred by the doctrine of res judicata because the complaint was nearly identical to the complaints dismissed in Civil Action Nos. 10-C-42 and 10-C-102; (2) the action was barred by the litigation privilege;[5] (3) the action was barred by the statute of limitations; and (4) the action failed to state a claim upon which relief could be granted.

In a fifteen page order entered February 17, 2012, the circuit court dismissed petitioner's action pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, concluding as follows:

> **WHEREFORE**, the Court **FINDS** as [petitioner]'s causes of action in the present case have already been dismissed . . ., [petitioner]'s claims are barred by the doctrine of *res judicata*. Further, the Court **FINDS** because any statements to [petitioner] were made by [respondents] in the course of representing Main Street Bank and Rebecca Randolph in [petitioner]'s other civil actions, the litigation privilege provides an absolute defense to [petitioner]'s claims of defamation. Additionally, the Court **FINDS** as a majority of the alleged defamatory statements fall outside the applicable statute of limitations, [petitioner]'s claim for defamation must be dismissed. Further, the Court **FINDS** the litigation privilege provides an absolute defense to [petitioner]'s numerous state-law claims. Moreover, the Court **FINDS** any remaining state-law claims are dismissed pursuant to the relevant state-law statute of limitations. Finally, the Court **FINDS** [petitioner]'s complaint is clearly insufficient under the West Virginia Rules of Civil Procedure.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioner asserts that the allegations in his complaint must be accepted as true and that his pro se status requires that the complaint be held to less strict standards than one drafted by an attorney. Petitioner asserts that genuine issues of material fact remain to be litigated.

---

[4] Petitioner appeared at the hearing in person *pro se*, as did his nephew who had an action against respondents pending in Monongalia County Civil Action No. 11-C-75. Respondents' motion to consolidate the two actions was denied as moot after the nephew's action in Civil Action No. 11-C-75 was dismissed by a different judge.

[5] *See* Syl. Pt. 3, *Clark v. Druckman*, 218 W.Va. 427, 624 S.E.2d 864 (2005) ("The litigation privilege is generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action.").

Respondents assert that the circuit court addressed each of petitioner's allegations and applied various aspects of the law to show that petitioner's action was ripe for dismissal. Respondents argue that the circuit court's dismissal of the action should be upheld.

The Court has carefully considered petitioner's allegations in light of the various reasons the circuit court had for dismissing his complaint. First, "liberalization in the rules of pleading in civil cases does not justify a . . . baseless pleading." *Par Mar v. City of Parkersburg*, 183 W.Va. 706, 711, 398 S.E.2d 532, 537 (1990) (dismissals of complaints containing only conclusory allegations without the support of material factual allegations will be upheld) (internal quotations and citations omitted).[6] Second, the circuit court correctly determined that petitioner's instant action is barred by the doctrine of res judicata. *See* Syl. Pt, 1, *Antolini v. West Virginia Division of Natural Resources,* 220 W.Va. 255, 647 S.E.2d 535 (2007) (setting forth the principles of res judicata). This Court concludes that the circuit court did not err in dismissing the action.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Monongalia County and affirm its order, entered February 17, 2012, dismissing petitioner's action.

Affirmed.

**ISSUED:** May 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6] In addition to containing only allegations of a conclusory nature, petitioner's complaint is also baseless because it is barred by the statute of limitations and the litigation privilege.