## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

October 4, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**Greg Givens and Dennis Givens,**
**Plaintiffs Below, Petitioners**

**vs) Nos. 12-0946 and 12-0981** (Ohio County 11-C-35 and 11-C-36)

**Rebecca Randolph; Main Street Financial Services**
**Corp. (Holding Company for Main Street Bank);**
**Keith C. Gamble; Pullin, Fowler, Flanagan, Brown, & Poe,**
**PLLC; individually and collectively, Defendants Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioners Greg Givens and Dennis Givens, appearing *pro se*, appeal the order of the Circuit Court of Ohio County, entered August 7, 2012, that dismissed their respective civil actions alleging defamation and intentional infliction of emotional distress.[1] Respondents Rebecca Randolph; Main Street Financial Services Corp. (a holding company for Main Street Bank); Keith C. Gamble; and Pullin, Fowler, Flanagan, Brown, & Poe, PLLC; by counsel Keith C. Gamble and Stephen M. Fowler; filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Dennis Givens has appealed to this Court previously. *See Givens v. Gamble* (*Givens I*), No. 12-0341, 2013 WL 1859170 (W.Va. Supreme Court, May 3, 2013) (memorandum decision) (affirming the dismissal of a similar action on the grounds of the litigation privilege, the statute of limitations, and the doctrine of res judicata). It appears that Respondent Keith C. Gamble and his law firm represented Rebecca Randolph and Main Street Bank[2] in previous litigation

---

[1] By a scheduling order entered September 12, 2012, this Court consolidated the respective appeals of Petitioner Greg Givens and Petitioner Dennis Givens for purposes of briefing, consideration, and decision.

[2] Rebecca Randolph and Main Street Bank and their attorneys are respondents herein.

1

involving Petitioner Dennis Givens's nephew Greg Givens who is his co-petitioner in the instant appeal.

Since the original litigation between Petitioner Greg Givens and Rebecca Randolph and Main Street Bank, Greg Givens and Dennis Givens, along with a Carol Pazzuto,[3] have filed numerous actions against respondents in numerous courts.[4] Relevant to the case at bar, Petitioner Greg Givens filed Civil Action No. 11-C-35 in the Circuit Court of Ohio County on January 31, 2011, seeking $20,000,000 in damages. That same day, Petitioner Dennis Givens filed a similar action in Civil Action No. 11-C-36, seeking $12,000,000, also in the Circuit Court of Ohio County.

On February 28, 2011, respondents filed joint motions to dismiss both Nos. 11-C-35 and 11-C-36. Petitioners filed memoranda in opposition on or about March 10, 2011. Respondents then filed a reply on or about April 18, 2011. Thereafter, the circuit court entered a twenty-four page order on August 7, 2012, dismissing both cases for failure to assert any claim upon which relief can be granted, concluding as follows:

> . . . . As noted above, the Court **FINDS** the legal doctrine of *res judicata* bars [petitioners'] Complaints as the same allegations contained therein have already been asserted and dismissed in several other civil actions filed by [petitioners]. Additionally, the Court **FINDS** [petitioners'] claims of defamation are barred by the statute of limitations, the litigation privilege,[5] and are unsupported by [petitioners'] allegations. Further, the Court **FINDS** any remaining claims of [petitioners] are also outside the applicable statute of limitations, are wholly unsupported by [petitioners'] allegations, and are again precluded by the litigation privilege. The Court **FINDS** [petitioners] do not have standing to assert claims on behalf of individuals not parties to the civil action[s]. Finally, the

---

[3] In the case at bar, the circuit court identified Ms. Pazzuto as Petitioner Greg Givens's mother.

[4] In *Givens v. Gamble* (*Givens I*), No. 12-0341, 2013 WL 1859170 (W.Va. Supreme Court, May 3, 2013) (memorandum decision), the Circuit Court of Monongalia County based its finding that the doctrine of res judicata barred Petitioner Dennis Givens's action in that case on the dismissal of two prior actions by the Circuit Court of Ohio County.

[5] *See* Syl. Pt. 3, *Clark v. Druckman*, 218 W.Va. 427, 624 S.E.2d 864 (2005) ("The litigation privilege is generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action.").

> Court **FINDS** [petitioners'] complaints are deficient under Rule 8(a) of the West Virginia Rules of Civil Procedure.[6]

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioners argue that a motion to dismiss should be granted only when the plaintiff cannot prove any set of facts which would entitle him to relief. Respondents argue that petitioners' various allegations are barred by the litigation privilege, the applicable statute of limitations, and the doctrine of res judicata. Respondents assert that this Court should uphold the circuit court's August 7, 2012 order dismissing the instant actions.

The Court has carefully considered petitioners' respective allegations in light of the circuit court's grounds for dismissing their complaints. First, "liberalization in the rules of pleading in civil cases does not justify a . . . baseless pleading." *Par Mar v. City of Parkersburg*, 183 W.Va. 706, 711, 398 S.E.2d 532, 537 (1990) (dismissals of complaints containing only conclusory allegations without the support of material factual allegations will be upheld) (internal quotations and citations omitted). In addition to containing only allegations of a conclusory nature, petitioners' complaints are also baseless because they are barred by the applicable statute of limitations and the litigation privilege. Second, the circuit court correctly determined that petitioners' actions are barred by the doctrine of res judicata. *See* Syl. Pt., 1, *Antolini v. West Virginia Division of Natural Resources,* 220 W.Va. 255, 647 S.E.2d 535 (2007) (setting forth the principles of res judicata). Therefore, this Court concludes that the circuit court did not err in dismissing the Civil Action Nos. 11-C-35 and No. 11-C-36.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6] Rule 8(a)(1) of the West Virginia Rules of Civil Procedure provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."