# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 2, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Richard Gravely,**
**Plaintiff Below, Petitioner**

**vs)   No. 15-1110** (Kanawha County 15-C-1527)

**Keri Wilson and**
**Erie Insurance Property & Casualty Company,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Richard Gravely, pro se, appeals the November 9, 2015, order of the Circuit Court of Kanawha County dismissing his civil action against his automobile insurer and its claim representative. Respondents Keri Wilson and Erie Insurance Property & Casualty Company (collectively, "respondent"), by counsel Christopher M. Jacobs, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was sued in a separate action, No. 14-C-932, for alleged injuries to another driver in a multiple vehicle accident occurring at or near mile marker 96 on Interstate 77 during the early hours of June 7, 2013.[1] Respondent had the right and the duty to defend petitioner in No. 14-C-932 pursuant to petitioner's automobile insurance policy. That policy provides, in pertinent part, as follows:

---

[1]We take judicial notice of the record in Kanawha County Civil Action No. 14-C-932 and its consolidated case, No. 14-C-455, in which petitioner sued a third driver involved in the accident and that driver's employer.

1

**"We"** may investigate or settle any claim or **"suit"** for damages against **"anyone we protect"** at **"our"** expense. If **"anyone we protect"** is sued for damages covered by this policy, **"we"** will defend, with a lawyer **"we"** choose, even if the allegations are not true. **"Our"** obligation to pay any claim or judgment or defend any **"suit"** ends when **"we"** have used up **"your"** limit of protection by paying judgments or settlements or making a deposit in court.

(Emphasis in original.).

Petitioner disagreed with respondent's decision to settle the claim against him for the limits of his liability coverage. Petitioner discharged the attorney retained by respondent to represent him and demanded a jury trial. However, respondent, through its own attorney, settled the claim and issued a check to the plaintiffs in No 14-C-932 for $20,000 which constituted petitioner's policy limits. Petitioner filed an objection to the settlement. Following a hearing, the circuit court overruled petitioner's objection and approved the settlement. The circuit court found (1) petitioner's policy gave respondent the right to investigate and settle any claim made under it; and (2) respondent settled the plaintiffs' claim under petitioner's liability coverage for the policy limits and, thereby, absolved him of liability in No 14-C-932.

Unsatisfied with being relieved of liability, petitioner filed suit against respondent in the instant action, No. 15-C-1527, for allegedly violating his right to a jury trial under the West Virginia Constitution[2] by settling the claim against him in No 14-C-932.[3] Respondent filed a motion to dismiss the instant action pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for a failure to state a claim upon which relief can be granted. Petitioner filed a response to the motion. Following a hearing on October 30, 2015, the circuit court granted respondent's motion and dismissed the instant action by an order entered November 9, 2015.

Petitioner now appeals the circuit court's November 9, 2015, order dismissing his civil action for a failure to state a claim upon which relief can be granted. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). A complaint should not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 2, *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 700 S.E.2d 183 (2010) (Internal quotations and citations omitted.). However, in *Par Mar v. City of Parkersburg,* 183 W.Va. 706, 711, 398 S.E.2d 532, 537 (1990), we noted that "liberalization in the rules of pleading in civil cases does not justify a . . . baseless pleading." (Internal quotations and citations omitted.).

On appeal, petitioner contends that his complaint states a valid claim. However, we find that petitioner's complaint is a baseless pleading. We agree with respondent that petitioner's

---

[2]*See* W.Va. Const. art. III, § 13.

[3]Petitioner requested unspecified compensatory and punitive damages.

insurance policy gives respondent the right to investigate and settle any claim made under it and does not require respondent to obtain petitioner's consent. We note that it is well-established that "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syl. Pt. 3, *West Virginia Mut. Ins. Co. v. Adkins*, 234 W.Va. 226, 764 S.E.2d 757 (2014) (Internal quotations and citations omitted.).

Petitioner contends that the right to a jury trial under the West Virginia Constitution "trumps" the clear and unambiguous language of his policy. We disagree and find that the constitutional right to a jury trial is not implicated in this case. As we pointed out in *Israel v. Secondary Schools Activities Commission*, 182 W.Va. 454, 458 and n.4, 388 S.E.2d 480, 484 and n.4 (1989), a violation of a constitutional right generally occurs when there has been unlawful "state action" by a "state actor." We find that petitioner's complaint contains no allegation that respondent is a state actor or that its settlement of the claim against petitioner constitutes state action. Petitioner does not ask us—and we would decline—to find that a cause of action exists against a private individual for an alleged violation of the right to a jury trial. Therefore, we conclude that the circuit court did not err in dismissing his civil action against respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 2, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3