# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mark C. Busack,**
**Plaintiff Below, Petitioner**

**vs)   No. 16-0900** (Ohio County 16-C-57)

**West Rentals, Inc.,**
**Defendant Below, Respondent**

**FILED**

**September 1, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark C. Busack, pro se, appeals the June 24, 2016, order of the Circuit Court of Ohio County awarding summary judgment to Respondent West Rentals, Inc. in his civil action stemming from a land installment contract that was later terminated by the parties. Respondent, by counsel David L. Wyant, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

For a number of years, petitioner rented a property known as 260 Bethany Pike, Wheeling, West Virginia, from respondent. Petitioner operated a fraudulent scheme from 260 Bethany Pike, for which he later pled guilty to five offenses under the United States Code.[1] *Busack v. United States*, Civil Action No. 5:15CV151, 2016 WL 7441680, at *1 (N.D.W.Va. December 27, 2016) (unpublished) (denying post-conviction relief). Consequently, petitioner is currently serving a sentence of thirty-five months of incarceration imposed by the United States District Court for the Northern District of West Virginia. *Id.*

Prior to the initiation of petitioner's federal criminal case, the parties executed an installment land contract on July 24, 2013, for petitioner to purchase 260 Bethany Pike along with

---

[1]We take judicial notice of the information filed in petitioner's federal criminal case, No. 5:14CR54.

1

another property known as 375 Oglebay Drive, Wheeling, West Virginia. According to petitioner, respondent wanted to unload 375 Oglebay Drive on him due to an undisclosed defect (a ground slip). The installment land contract provided that ownership of the properties would not transfer to petitioner until "all the obligations of [petitioner had] been fulfilled." While petitioner was fulfilling his obligations under the contract, the agreement restricted his ability to assign his contractual rights and to lease the properties as follows:

> **No Assignment: Leases.** [Petitioner] shall not assign or delegate any of [his] rights or responsibilit[ies] under this agreement, in whole or in part, nor shall possession of the property be transferred to any other party (other than ordinary commercial leases in the ordinary course of business, as provided in the next paragraph), without prior written consent of [respondent].
>
> With respect to commercial leases, so long as [petitioner] is not in default of [his] obligations under this agreement or the [n]ote, [petitioner] shall have the right to lease the property, in whole or in part[,] to reasonable commercial tenants acceptable to [respondent], whose consent shall not be unreasonabl[y] withheld. . . .

In June of 2015, by which time petitioner was awaiting sentencing in his federal criminal case, the parties executed a termination of installment land contract and agreement ("termination agreement"). The June 8, 2015, termination agreement "terminated, cancelled, and rescinded" the July 24, 2013, installment land contract and relieved petitioner from paying any additional real estate taxes and fire service fees with regard to 260 Bethany Pike and 375 Oglebay Drive. The parties further agreed that respondent would return the installment payment for June of 2015 to petitioner and that petitioner was due no other monies with regard to the termination of the installment land contract.

On January 29, 2016, petitioner filed a complaint in the Circuit Court of Ohio County alleging that respondent failed to disclose the ground slip at 375 Oglebay Drive prior to the execution of the July 24, 2013, installment land contract, which "[made] it difficult[,] if not impossible[,] to sell [375 Oglebay Drive] because of the pre-existing condition."[2] Nowhere in his complaint did petitioner acknowledge the existence of the June 8, 2015, termination agreement. However, respondent filed an answer on March 16, 2016, that asked that petitioner's complaint be dismissed for a failure to state a claim on which relief could be granted. Then, on June 22, 2016, respondent filed a motion for summary judgment with the installment land contract and the termination agreement attached as exhibits.

By order entered on June 24, 2016, the circuit court awarded respondent summary judgment in the underlying civil action. The circuit court found that (1) pursuant to the contractual terms, petitioner never had ownership of 375 Oglebay Drive or the right to sell that property during

---

[2]Petitioner asked for $131,300 in damages. The complaint does not reflect how petitioner arrived at that figure.

2

the time in which the installment land contract was in effect; and (2) petitioner relinquished all rights he had under the contract in the parties' June 8, 2015, termination agreement, which "terminated, cancelled, and rescinded" the prior agreement. In making its ruling, the circuit court found that petitioner failed to acknowledge the parties' June 8, 2015, termination of the July 24, 2013, installment land contract in his complaint.

Petitioner now appeals from the circuit court's June 24, 2016, order, awarding summary judgment to respondent. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted provided that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In syllabus point 4 of *Painter*, we held that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" 192 W.Va. at 190, 451 S.E.2d at 756.

On appeal, petitioner concedes that the parties executed the June 8, 2015, termination agreement. However, petitioner attempts to evade the circuit court's findings based on the installment land contract's termination by alleging that (1) respondent breached the provisions of the termination agreement regarding the continuation of petitioner's tenancy at 260 Bethany Pike thereby leaving the installment land contract in full force and effect; and (2) respondent coerced him into executing the termination agreement by harassing him about the possible consequences of his federal criminal case. Respondent counters that we should decline to consider these allegations because petitioner failed to raise them with the circuit court.

Petitioner contends that he did not have sufficient time to raise the issue of the termination agreement's validity because the circuit court improperly granted summary judgment only two days after respondent filed its motion. In *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 61, 459 S.E.2d 329, 338 (1995), we found that a party opposing a motion for summary judgment should be allowed an adequate time to respond. However, under the facts and circumstances of this case, assuming arguendo that the circuit court's failure to wait for a response by petitioner constituted error, we find that any such error was harmless for reasons explained below. *See* Rule 61, W.V.R.Civ.P. (providing that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

As correctly found by the circuit court in its summary judgment order, petitioner omitted all reference to the 2015 termination agreement from his complaint. That omission from petitioner's complaint was significant: an acknowledgement of the 2015 termination agreement's existence would have alerted the circuit court to the possibility that the complaint was a baseless pleading because that agreement "terminated, cancelled, and rescinded" the 2013 installment land contract on which petitioner's civil action was based.[3]

---

[3]We have previously explained that "liberalization in the rules of pleading in civil cases does not justify a . . . baseless pleading." *Par Mar v. City of Parkersburg*, 183 W.Va. 706, 711, 398 S.E.2d 532, 537 (1990) (internal quotations and citations omitted).

Upon our review of the record, we find that petitioner was attempting to gain a perceived tactical advantage by purposely omitting the termination agreement in his complaint. After respondent attached the termination agreement to its motion for summary judgment, petitioner could no longer ignore that agreement's existence and had to allege that it was not valid. We do not credit such allegations because petitioner never contends that he did not know of the reasons for the termination agreement's purported invalidity at the time of the filing of his complaint. *See Williams*, 194 W.Va. at 60-61 and n.14, 459 S.E.2d at 337-38 and n.14 (finding that self-serving assertions without a factual basis will not defeat a well-supported motion for summary judgment). Therefore, we conclude that the circuit court properly awarded respondent summary judgment because the 2015 termination agreement "terminated, cancelled, and rescinded" the 2013 installment land contract on which petitioner's civil action was based.

For the foregoing reasons, we affirm the circuit court's June 24, 2016, order, awarding summary judgment to respondent.

Affirmed.

**ISSUED:** September 1, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker