**STATE OF WEST VIRGINIA**

**FILED**
**June 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Mengyang Li,**
**Plaintiff Below, Petitioner**

**Vs.)**  **No. 20-0393** (Jefferson County 19-C-102)

**Shepherd University President's Office,**
**Defendant Below, Respondent**

# MEMORANDUM DECISION

Self-represented petitioner Mengyang Li appeals the February 28, 2020, order of the Circuit Court of Jefferson County granting Respondent Shepherd University President's Office's ("University") motion to dismiss petitioner's amended complaint for a failure to state a claim under the West Virginia Human Rights Act. The University, by counsel Tracey B. Eberling, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a naturalized United States citizen, whose country of origin is China, and an associate professor in the University's department of chemistry. From 2014 to May of 2019, petitioner alleges that he experienced discrimination and harassment from his departmental colleagues and University officers. In 2016 and 2017, petitioner twice applied for a promotion to professor. According to the University's 2016-2017 faculty handbook, a faculty member may be considered for a promotion to professor if he or she meets eight minimum qualifications, one of which requires "[s]cholarly work accomplished during the term of [a]ssociate [p]rofessor rank as evidenced by refereed publications, funded refereed external grants, juried performances, or juried exhibitions."

1

With regard to petitioner's 2016 application, on May 3, 2017, the University found that petitioner did not meet the minimum qualifications for a promotion to professor, because he did not have any refereed publications as an associate professor, and denied the application. On October 30, 2017, petitioner filed a grievance with the West Virginia Public Employee Grievance Board ("WVPEGB") alleging that the University misinterpreted the minimum qualifications for promotion to professor ("first grievance"). Petitioner further alleged that the University discriminated against and harassed him during the promotion application process. By order entered on January 29, 2019, the WVPEGB dismissed petitioner's first grievance as untimely filed.[1] Petitioner appealed the dismissal of his first grievance to the Kanawha County Circuit Court which affirmed the dismissal by order entered on January 24, 2020. Petitioner did not appeal the January 24, 2020, order to this Court.

With regard to petitioner's 2017 application for a promotion to professor, the University denied that application on April 23, 2018, again finding that petitioner did not have any refereed publications as an associate professor. The parties subsequently litigated the issue of whether petitioner timely grieved the April 23, 2018, denial of his 2017 application before the WVPEGB. By order entered on April 23, 2019, the WVPEGB found that petitioner timely grieved the denial of his 2017 application for promotion to professor ("second grievance") as a part of his first grievance of the denial of his 2016 application. The second grievance was given its own case number and remains pending before the WVPEGB.

On May 31, 2019, petitioner filed a civil action in the Jefferson County Circuit Court, alleging that he experienced discrimination and harassment from his departmental colleagues and University officers from 2014 to May of 2019.[2] In petitioner's complaint, he included 105 factual allegations setting forth the procedural history of his grievances and describing the testimony given at the various proceedings in his first grievance.[3] Specifically, petitioner pointed to ten instances where he alleged that the University's witnesses testified falsely. Also, in petitioner's complaint, he stated his intention to "designate[ ]" the records from his grievances. As relief, petitioner requested the Jefferson County Circuit Court to (1) "[s]top the age, race[,] and national origin discrimination and retaliation and harassment [petitioner has] been experiencing for years"; (2) stop "the hostile work environment [petitioner has] been experiencing for years"; (3) impose discipline upon "the perpetrators of discrimination and harassment"; and (4) "[r]ight the wrong of denying [petitioner's] promotion."

---

[1]West Virginia Code § 6C-2-4(a)(1) requires a grievant to file a grievance "[w]ithin fifteen days following the occurrence of the event upon which the grievance is based, or within fifteen days of the date upon which the event became known to the employee, or within fifteen days of the most recent occurrence of a continuing practice giving rise to a grievance[.]"

[2]The University is located in Jefferson County.

[3]A public employee grievance consists of three levels. *See* W. Va. Code § 6C-2-4. Petitioner states that his second grievance has "not been heard in the Levels 1-3 hearings yet."

On July 11, 2019, the University filed a motion to dismiss petitioner's complaint based upon his failure to exhaust his administrative remedies. By order entered on October 15, 2019, the Jefferson County Circuit Court granted, in part, and denied, in part, the motion to dismiss. In doing so, the Jefferson County Circuit Court relied upon this Court's decision in *Subramani v. West Virginia University Board of Governors*, No. 14-0924, 2015 WL 7628720 (W. Va. November 20, 2015) (memorandum decision); like petitioner, the grievant in *Subramani* filed grievances under the grievance procedure related to his employer's failure to promote him to the rank of full professor. *Id.* at *2. Here, the Jefferson County Circuit Court found that this Court in *Subramani* affirmed a dismissal based upon a lack of jurisdiction "even in circumstances wherein . . . [p]etitioner did not pursue the circuit court appeal or withdrew the previously filed grievances."[4] Here, at the time of the Jefferson County Circuit Court's October 15, 2019, order, the dismissal of petitioner's first grievance was pending before the Kanawha County Circuit Court, and petitioner's second grievance was pending before the WVPEGB. Accordingly, the Jefferson County Circuit Court dismissed the complaint due to a lack of subject matter jurisdiction. However, the Jefferson County Circuit Court gave petitioner sixty days to file an amended complaint setting forth claims pursuant to the West Virginia Human Rights Act, West Virginia Code §§ 5-11-1 through 5-11-20. *See* Syl. Pt. 9, *Weimer v. Sanders*, 232 W. Va. 367, 752 S.E.2d 398 (2013) (holding that exhaustion of administrative remedies is not required prior to filing discrimination claims pursuant to the Human Rights Act); Syl. Pt. 3, *Vest v. Bd. of Educ. of Cty. of Nicholas*, 193 W. Va. 222, 455 S.E.2d 781 (1995) (same).

On December 16, 2019, petitioner filed an amended complaint in the Jefferson County Circuit Court, setting forth the original 105 factual allegations and adding fourteen more for a total of 119. However, as in his original complaint, petitioner (1) set forth the procedural history of his grievances and described the testimony given at the various proceedings of his first grievance; (2) pointed to the ten instances where he alleged that the University's witnesses testified falsely; and (3) stated his intention to "designate[ ]" the records from his grievances. Petitioner further repeated the claims for relief from the original complaint, including his request that the circuit court "[r]ight the wrong of denying of [his] promotion[.]"[5] On January 2, 2020, the University filed a motion to dismiss the amended complaint for a failure to state a claim under the Human Rights Act. By order entered on February 28, 2020, the Jefferson County Circuit Court dismissed the amended

---

[4]This Court in *Subramani v. West Virginia University Board of Governors*, No. 14-0924, 2015 WL 7628720 (W. Va. November 20, 2015) (memorandum decision) found that West Virginia Code § 18B-2A-4(l) provides that the "[grievance] procedure established in . . . [West Virginia §§ 6C-2-1 through 6C-2-8], . . . is the exclusive mechanism for hearing by prospective employee grievances and appeals." *Id.* at *5.

[5]Petitioner further asked that he be compensated for "the severe professional, financial[,] and emotional damages that [he] suffered from the continuous [a]ge, [r]ace[,] and [n]ational [o]rigin discriminations, harassments[,] and reprisal[.]"

3

complaint, finding that "[petitioner]'s disagreement with [the University]'s application of its promotional policy does not, without more, give rise to a claim under the [Human Rights] Act."[6]

Petitioner now appeals the Jefferson County Circuit Court's February 28, 2020, order dismissing the amended complaint. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGrow v. Scott Runyan Pontiac-Buick*, 194 W. Va. 770, 461 S.E.2d 516 (1995). A motion to dismiss may be granted when a complaint "makes only *conclusory* allegations without *any* material factual allegations in support thereof." *Par Mar v. City of Parkersburg*, 183 W. Va. 706, 710, 398 S.E.2d 532, 536 (1990) (Emphasis in original.). Furthermore,

> "[i]f a plaintiff does not plead all of the essential elements of his or her legal claim, a [trial] court is required to dismiss the complaint pursuant to Rule 12(b)(6) [of the West Virginia Rules of Civil Procedure]." Louis J. Palmer, Jr. and Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, 406-07 (5th ed. 2017) (quotations and citation omitted).

*Newton v. Morgantown Machine & Hydraulics of West Virginia, Inc.*, 242 W. Va. 650, 653, 838 S.E.2d 734, 737 (2019).

On appeal, petitioner argues that the Jefferson County Circuit Court erred in dismissing his amended complaint. The University counters that the dismissal was proper, arguing that, while petitioner stated in his amended complaint that he was asserting claims under the Human Rights Act, he failed to do so. We agree with the University.

Based upon our review of the amended complaint, we find that the amended complaint is substantially similar to the original complaint which was dismissed for a lack of jurisdiction as containing claims that fell within the jurisdiction of the WVPEGB. Pursuant to West Virginia Code § 6C-2-2(i)(1), a grievance is defined as

> a claim by any employee alleging a violation, a misapplication or a misinterpretation of the statutes, policies, rules or written agreements applicable to the employee including: *(i) Any violation, misapplication or misinterpretation regarding compensation, hours, terms and conditions of employment, employment status or discrimination; (ii) Any discriminatory or otherwise aggrieved application of unwritten policies or practices of his or her employer; (iii) Any specifically identified incident of harassment;* (iv) Any specifically identified

---

[6]The Jefferson County Circuit Court further found that, because petitioner stated that the relevant time period was from 2014 to May of 2019, the applicable statute of limitations, set forth in West Virginia Code § 55-2-12(b), barred petitioner's civil action "[t]o the extent that [petitioner] claims that discriminatory acts occurred more than two years before this suit was filed[.]" Due to our finding that the Jefferson County Circuit Court properly found that the amended complaint failed to state a claim under the Human Rights Act, we do not address the propriety of its ruling based upon the statute of limitations.

incident of favoritism; or (v) any action, policy or practice constituting a substantial detriment to or interference with the effective job performance of the employee or the health and safety of the employee.

(Emphasis added.). We concur with the circuit court's finding that, like the allegations in the original complaint, the amended complaint's allegations set forth the issue raised in petitioner's grievances—the University's alleged misapplication of its promotional policy—and that such allegations "do[ ] not, without more, give rise to a claim under the [Human Rights] Act."

To the extent that petitioner argues he may now raise claims based on his first grievance in a civil action now that the Kanawha County Circuit Court has affirmed that grievance's dismissal,[7] which he failed to appeal to this Court, we disagree. The University in this case and West Virginia University, which was the higher education institution involved in *Subramani*, both have boards of governors established by West Virginia Code § 18B-2A-1(b). West Virginia Code § 18B-2A-4(l) provides that the "[grievance] procedure established in . . . [West Virginia §§ 6C-2-1 through 6C-2-8], . . . *is the exclusive mechanism for hearing by prospective employee grievances and appeals.*" *Subramani*, 2015 WL 7628720, at *5 (Emphasis added.). If petitioner desired to revive claims based on the dismissal of his first grievance, he should have appealed the Kanawha County Circuit Court's January 24, 2020, order, but he failed to do so. Accordingly, we conclude that the Jefferson County Circuit Court did not err in granting the University's motion to dismiss.[8]

For the foregoing reasons, we affirm the circuit court's February 28, 2020, order granting the University's motion to dismiss the amended complaint.

Affirmed.

**ISSUED**: June 23, 2021

---

[7]Petitioner concedes that the claims based on his second grievance "remain pending before the WVPEGB."

[8]The University argues that, on appeal, petitioner makes claims of fraud, obstruction of justice, perjury, and violations of the United States and West Virginia Constitutions that were not included in the amended complaint. Petitioner counters that "it is important to bring those [alleged] facts to the attention of this Court." However, we do not address claims not presented to the circuit court. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton